# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

==============================

## ON MOTION FOR REHEARING

==============================

## NO. 03-05-00171-CV

**Aaron Rents, Inc., Appellant**

**v.**

**Travis Central Appraisal District, Travis County Appraisal Review Board, and Travis County Tax Assessor Collector, Nelda Wells Spears, in Her Official Capacity, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT NO. GN401079, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In response to appellant's motion for rehearing, we overrule the motion, withdraw our opinion and judgment issued on December 1, 2005, and substitute the following opinion. Aaron Rents, Inc., a furniture rental corporation, appeals a district court's judgment that denied its claim for attorney's fees in connection with its successful declaratory judgment action against the Travis

Central Appraisal District.[1]  Aaron Rents's suit alleged that the District exceeded its statutory authority by "re-appraising" the tangible personal property at Aaron Rents's four locations after the District had certified the property's appraised value to the tax collector.[2]  In two issues, Aaron Rents claims that it is entitled to the fees under the Uniform Declaratory Judgments Act and the tax code.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 1997); Tex. Tax Code Ann. §§ 42.25, .29 (West 2001).  Because we conclude that the district court did not abuse its discretion by denying Aaron Rents the attorney's fees it requested under the declaratory judgments act and the tax code, we affirm the court's judgment.

**BACKGROUND**

In 2003, the legislature added section 22.23(c) to the tax code, which encouraged property owners to render for taxation "tangible personal property used for the production of income that was omitted from the appraisal roll in one of the two preceding years."  Tex. Tax Code Ann. § 22.23(c) (West Supp. 2005).[3]  Before this amendment, the chief appraiser could assess back taxes for personal property that was omitted from the appraisal roll in either of the two preceding years.  *Id*. § 25.21 (West 2001).  Section 22.23(c) granted "amnesty" to taxpayers by exempting their

---

[1] Aaron Rents, Inc. dismissed its claims against the Travis County Tax Assessor-Collector, Nelda Wells Spears.

[2] Aaron Rents nonsuited its federal and state constitutional due process claims against the Travis Central Appraisal District and Travis County Appraisal Review Board.  The record shows that Aaron Rents and the District are the only parties to this appeal.

[3] The parties referred to section 22.23(c) by its precodification bill number, Senate Bill 340. *See* Act of May 31, 2003, 78th Leg., R.S., ch. 1173, § 6, 2003 Tex. Gen. Laws 3353, 3356 (expired January 1, 2005).

2

previously omitted property from retroactive taxation for the 2001 and 2002 tax years, if they rendered their property by December 1, 2003:

> (c) if before December 1, 2003, a person files a rendition statement for the 2003 tax year that provides the information required by section 22.01 as that section exists on January 1, 2004, and, as a result of that information, the chief appraiser discovers that some or all of that person's tangible personal property used for the production of income was omitted from the appraisal roll in one of the two preceding years, the chief appraiser may not add the value of the omitted property to the 2001 or 2002 appraisal roll. This subsection expires January 1, 2005.

Act of May 31, 2003, 78th Leg., R.S., ch. 1173, § 6, 2003 Tex. Gen. Laws 3353, 3356 (expired January 1, 2005).

Rendering tangible personal property for taxation involves filing a "rendition," a statement that contains: (1) the name and address of the property owner; (2) a description of the property by type or category; (3) if the property is inventory, a description of each type of inventory and a general estimate of the quantity of each type of inventory; (4) the physical location or taxable situs of the property; and (5) the property owner's good faith estimate of the market value of the property or, at the option of the property owner, the historical cost when new and the year of acquisition of the property. Tex. Tax Code Ann. § 22.01(a)(1)-(5) (West Supp. 2004-05).

The District sent a letter to all Travis County business owners, advising them of section 22.23(c)'s addition to the tax code and encouraging them to file the enclosed "Special Amnesty Rendition." Aaron Rents failed to file renditions with the District in 2003. It completed amnesty renditions, including depreciation schedules depicting the original cost of its property, because of its concern that there could be a difference between the property's cost and its appraised value in 2004, and that the District might believe that the difference in value was due to property that

3

had been omitted from the appraisal roll. Moreover, because the statute provided for one-time amnesty, Aaron Rents would be precluded from filing an amnesty rendition in 2004.

After receiving these renditions, the District issued "2003 corrected value" appraisals for Aaron Rents's "omitted" property, even though the parties had previously agreed on the 2003 appraised value of the property at all four locations, the tax collector had certified the roll, and the "omitted" property appraisals did not identify any new property at any of Aaron Rents's locations. Asserting that none of its property had been omitted from the 2003 appraisal roll, Aaron Rents filed a protest of the District's "re-appraisal" with the Travis County Appraisal Review Board. Ruling for the District, the Board approved changes to the 2003 appraisal roll that increased the appraisals for Aaron Rents's property at all four locations. Aaron Rents appealed the Board's orders[4] to the district court. *See id*. § 42.01(1)(B) (West 2001).

Aaron Rents filed a motion for partial summary judgment requesting declarations that (i) the District acted without statutory authority and in violation of section 25.25 of the tax code by re-appraising Aaron Rents's tangible personal property after its value had been certified to the tax collector, (ii) the District's re-appraisal was excessive and unequal under sections 42.25 and 42.26 of the tax code as well as article VIII, section 1 of the Texas Constitution, (iii) any additional taxes resulting from the unlawful re-appraisal were unlawful and void, and (iv) the District should be ordered to correct its tax rolls to reflect the original appraised values. The District filed a motion for

---

[4] The Board issued four orders concerning the tangible personal property—rental furniture—at each of Aaron Rents's locations.

partial summary judgment arguing that Aaron Rents was not entitled to attorney's fees and that section 22.23(c) of the tax code authorized the District's actions.

After a hearing, the court denied the District's motion, granted Aaron Rents's motion "on all grounds other than attorney's fees," and reserved the attorney's fees issue for final trial. After final trial, the court ruled that Aaron Rents was not entitled to attorney's fees. On appeal, Aaron Rents contends that it is entitled to attorney's fees under the declaratory judgments act and the tax code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.009; Tex. Tax Code Ann. §§ 42.25, .29.

## ANALYSIS

**Attorney's Fees Claimed Under Uniform Declaratory Judgments Act**

Attorney's fees are recoverable only when provided for by statute or by the parties' agreement. *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.*, 835 S.W.2d 75, 77 (Tex. 1992). Aaron Rents contends that it is entitled to attorney's fees under the declaratory judgments act. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.009. But the UDJA does not require an award of attorney's fees to the prevailing party. *Id.* ("In any proceeding under [the UDJA], the court may award costs and reasonable and necessary attorney's fees as are equitable and just."); *TML Intergovernmental Employee Benefits Pool v. Prudential Ins. Co. of Am.*, 144 S.W.3d 600, 607 (Tex. App.—Austin 2003, pet. denied). Because the UDJA affords the district court a measure of discretion in awarding the fees, we review the court's denial of a claim for attorney's fees for an abuse of discretion. *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998). The legal principle encompassed in the term "abuse of discretion" concerns a legal error committed by the district court in its award of attorney's fees that injured or prejudiced appellants. *Strayhorn v. Raytheon E-Sys.*, 101 S.W.3d 558, 571 (Tex.

5

App.—Austin 2003, pet. denied).  We review a question of legal error *de novo*.  *State v. Heal*, 917 S.W.2d 6, 9 (Tex. 1996).

The District contends that Aaron Rents availed itself of its remedy under the tax code and that it cannot use the UDJA solely to obtain attorney's fees.  *See Raytheon E-Sys.*, 101 S.W.3d at 572 (citing *Texas State Bd. of Plumbing Exam'rs v. Associated Plumbing-Heating-Cooling Contractors of Tex., Inc.*, 31 S.W.3d 750, 753 (Tex. App.—Austin 2000, pet. dism'd by agr.).  When a statute provides an avenue for attacking an agency order, a declaratory judgment action will not lie to provide redundant remedies.  *Id.* (citing *Beacon Nat'l Ins. Co. v. Montemayor*, 86 S.W.3d 260, 267 (Tex. App.—Austin 2002, no pet.)); *see also City of Fort Worth v. Pastusek Indus.*, 48 S.W.3d 366, 371 (Tex. App.—Fort Worth 2001, no pet.) (UDJA cannot be used to evade exclusive administrative process and remedies provided in tax code).

Citing our opinion in *Texas Municipal Power Agency v. Public Utility Commission*, Aaron Rents argues that its requested declaratory judgment "is not redundant [because] it seeks guidance on the application of [tax code section 22.23(c)] and whether [the District] acted beyond its statutory authority."  *See* 100 S.W.3d 510, 520 (Tex. App.—Austin 2003, pet. denied); *see also* Act of May 31, 2003, 78th Leg., R.S., ch. 1173, § 6, 2003 Tex. Gen. Laws 3353, 3356 (expired January 1, 2005).  In *Texas Municipal Power Agency*, we noted that Municipal Power's declaratory judgment action requested relief more expansive than the reversal of a particular administrative determination.  100 S.W.3d at 520.  But in this case, Aaron Rents's motion urged the court to find that section 22.23(c) did not authorize the District to change the 2003 appraisal roll by increasing the appraised value *of Aaron Rents's property* after the roll had been certified.  Aaron Rents's motion

6

further urged that the answer to the issue "hinge[d] on whether or not the Plaintiff [Aaron Rents] had property that was omitted from the appraisal roll." Thus, unlike the declaration sought in *Texas Municipal Power Agency*, Aaron Rents's motion clarifies that its declaration sought reversal of a particular administrative determination—that Aaron Rents had property that was omitted from the appraisal roll.

Aaron Rents also cites generally to our opinion in *Local Neon Company v. Strayhorn*, to support its argument that its declaratory judgment relief is not redundant of its tax protest. *See* No. 03-04-00261-CV, 2005 Tex. App. LEXIS 4667 (Tex. App.—Austin, June 16, 2005, no pet.) (mem. op.). Aaron Rents's requested declaration is distinct from that sought in *Local Neon Company* because Aaron Rents does not challenge the constitutionality of an administrative rule or the tax protest statutes. *See id*. at *24.

Similarly, Aaron Rents's reliance upon *Texas Department of Human Services v. ARA Living Centers of Texas, Inc.* is misplaced, as that case involved an award of declaratory relief based on one state agency's exercise of enforcement powers that were reserved to another. *See* 833 S.W.2d 689, 694-95 (Tex. App.—Austin 1992, writ denied). Here, there is no question that the District was authorized to enforce section 22.23(c) and the critical determination "hinge[d] on whether or not the Plaintiff [Aaron Rents] had property that was omitted from the appraisal roll."

Because Aaron Rents's declaratory judgment action sought reversal of the District's determination that Aaron Rents had property that was omitted from the appraisal roll and did not challenge the constitutionality of an administrative rule or tax protest statute, or that the District was exercising enforcement powers that were reserved to another agency, the requested declaratory relief

7

was redundant to that sought in Aaron Rents's tax protest, with the exception of its request for attorney's fees. *See* Tex. Tax Code Ann. §§ 42.01(1)(B), 25.25 (West 2001). It is an abuse of discretion for a court to award attorney's fees under the UDJA when the relief sought is no greater than relief that otherwise exists by agreement or statute. *Raytheon E-Sys.*, 101 S.W.3d at 572 (citing *Texas State Bd. of Plumbing Exam'rs*, 31 S.W.3d at 753; *University of Tex. v. Ables*, 914 S.W.2d 712, 717 (Tex. App.—Austin 1996, no writ)).

Furthermore, if Aaron Rents believed that the District acted beyond its statutory authority it could have appealed directly to the district court. *See Mag-T, L.P. v. Travis Cent. Appraisal Dist.*, 161 S.W.3d 617, 625 (Tex. App.—Austin 2005, pet. denied). Aaron Rents chose to pursue its administrative remedy under the tax code by filing a protest with the Board and appealing the Board's orders to the district court. The court ruled in favor of Aaron Rents "on all grounds other than attorney's fees." Aaron Rents's argument that the tax code is inapplicable to its claims against the District—after it availed itself of the code's full administrative process—is not persuasive. Because we find that Aaron Rents availed itself of its administrative remedy under the tax code and that the declaratory judgments act cannot be used to circumvent the code, we conclude that the court did not abuse its discretion in denying the requested attorney's fees under the UDJA. We overrule Aaron Rents's first point of error.

**Attorney's Fees Claimed Under Section 42.29 of Tax Code**

Aaron Rents next argues that an award of attorney's fees is mandatory under section 42.29 of the tax code because the District's appraisal of its property was excessive. *See* Tex. Tax

Code Ann. §§ 42.25, .29; *Zapata County Appraisal Dist. v. Coastal Oil & Gas*, 90 S.W.3d 847, 854 (Tex. App.—San Antonio 2002, pet. denied).

Statutory construction matters are generally questions of law that we review *de novo*. *Bragg v. Edwards Aquifer Auth*., 71 S.W.3d 729, 734 (Tex. 2002). In construing a statute, our objective is to determine and give effect to the legislature's intent. *Texas Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 176 (Tex. 2004); *see also* Tex. Gov't Code Ann. § 312.005 (West 2005). If the statutory text is unambiguous, we must adopt the interpretation supported by the statute's plain language unless that interpretation would lead to absurd results. *Mega Child Care, Inc.*, 145 S.W.3d at 177. Legislative intent is derived from the entire act, not just its isolated portions. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003).

Section 42.25 of the tax code states:

> If the court determines that the appraised value of property according to the appraisal roll exceeds the appraised value required by law, the property owner is entitled to a reduction of the appraised value on the appraisal roll to the appraised value determined by the court.

Tex. Tax Code Ann. § 42.25. The plain language of section 42.25 does not require an award of attorney's fees. Section 42.29 states that a property owner who is successful in an "excessive appraisal" appeal under section 42.25 may be awarded attorney's fees:

> (a) A property owner who prevails in an appeal to the court under Section 42.25 or 42.26 *may be awarded* reasonable attorney's fees. The amount of the award may not exceed the greater of:

9

(1) $15,000; or

(2) 20 percent of the total amount by which the property owner's tax liability is reduced as a result of the appeal.

(b) Notwithstanding Subsection (a), the amount of an award of attorney's fees may not exceed the lesser of:

(1) $100,000; or

(2) the total amount by which the property owner's tax liability is reduced as a result of the appeal.

*Id.* § 42.29 (emphasis added).

The District contends that section 42.29 is inapplicable because the District's subsequent appraisal of Aaron Rents's property did not constitute an "excessive appraisal," i.e., an appraisal in excess of the property's fair market value. It argues that the issue was whether Aaron Rents's property should have been appraised at all after the tax collector certified the 2003 appraisal roll. The District's argument is not persuasive because the court ruled in favor of Aaron Rents on the excessive appraisal issue and the District does not challenge that ruling on appeal. The court's order stated that it granted Aaron Rents's partial summary judgment "on all grounds other than attorney's fees." One of the declarations sought in Aaron Rents's motion was that "the District's re-appraisal was excessive . . . under section[] 42.25 . . . of the tax code."

Nevertheless, because the parties did not argue that the text of section 42.29 is ambiguous, we adopt the interpretation supported by the statute's plain language. *Mega Child Care, Inc.*, 145 S.W.3d at 177. We find that the plain and ordinary meaning of the words "may be awarded" in section 42.29 vested the court with a measure of discretion in awarding attorney's fees

10

for an excessive appraisal.  Tex. Tax Code Ann. § 42.29 (property owner who prevails in appeal under section 42.26 "may be awarded reasonable attorney's fees"); *see also Zapata County Appraisal Dist.*, 90 S.W.3d at 854 (Marion, J., dissenting) (tax code section 42.29 affords court "a measure of discretion" in deciding whether to award attorney's fees); *but see Zapata County Appraisal Dist.*, 90 S.W.3d at 854 (award of attorney's fees under section 42.29 of tax code is "mandatory").

Our interpretation of section 42.29 accords with the cases ruling that the phrase "may award," in other statutory contexts, provides the court a measure of discretion in awarding attorney's fees.  *See*, *e.g.*, *Bocquet*, 972 S.W.2d at 20 (citing *City of Sherman v. Henry*, 928 S.W.2d 464, 474 (Tex. 1996); *Bruni v. Bruni*, 924 S.W.2d 366, 368 (Tex. 1996)) (analogizing local government code and former provision of family code to declaratory judgments act because terms "may award" in each statute affords court measure of discretion in awarding attorney's fees); *Tarrant Appraisal Rev. Bd. v. Martinez Bros. Invs.*, *Inc.*, 946 S.W.2d 914, 919 (Tex. App.—Fort Worth 1997, no writ) (awarding attorney's fees under section 41.45 of tax code is discretionary because it states that court "may award" them); *Kimbrough v. Fox*, 631 S.W.2d 606, 609 (Tex. App.—Fort Worth 1982, no writ) ("if the legislature had intended to vest the permission or discretion in the trial court, the permissive language would have provided that the court may award (such [attorney's] fees)").  We do not find that our interpretation of section 42.29 leads to absurd results.  *See Mega Child Care, Inc.*, 145 S.W.3d at 177.

On rehearing, Aaron Rents emphasizes that the statutes we cited state that the court "*may award*," attorney's fees, which is not identical to the "*may be awarded*" language in section

11

42.29 of the tax code. But this Court has previously ruled that the statute's use of the language "may be awarded," meant that the grant of attorney's fees under section 42.29 of the tax code is discretionary. *Hays County Appraisal Dist. v. Mayo Kirby Springs*, 1997 Tex. App. LEXIS 5876, at *6 (Tex. App.—Austin, 1995, no writ) (mem. op.) (analogizing attorney's fees provision in section 42.29 of tax code to trial court's discretion to award attorney's fees under the Uniform Declaratory Judgments Act).

This construction comports with the statute's history. The current version of section 42.29, which contains the "may be awarded" language, was an amendment to the prior version which stated that the prevailing taxpayer "*shall be entitled to*" reimbursement for reasonable attorney's fees. Act of May 24, 1979, 68th Leg., ch. 905, 1983 Tex. Gen. Laws 5033 (amended 1983) (current version at Tex. Tax Code Ann. § 42.29(a)) (emphasis added). Based on this legislative history, it is reasonable to infer that the legislature intended to change the attorney's fees in section 42.29(a) of the tax code from a mandatory entitlement to a discretionary award. In changing the words of the statute, we may not lightly presume that the legislature has done a useless act. *Travis County v. Pelzel & Assocs.*, 77 S.W.3d 246, 250 (Tex. 2002) (citing *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 485 (Tex. 1998) (construing statute in which the legislature changed the word "company" to "person")).

Moreover, *Bocquet* does not compel the interpretation urged by the amici, nor does it support the majority in *Zapata County Appraisal Dist. See* 90 S.W.3d at 853-54. According to *Bocquet*, "statutes providing that a party 'may recover,' 'shall be awarded,' or 'is entitled to' attorney fees are not discretionary." *Bocquet*, 972 S.W.2d at 20. "May be awarded" is not included in the

cited examples as language mandating an attorney's fees award. *See id.* Relying on its interpretation of *Bocquet*, the amici argue that whether an award of attorney's fees is discretionary or mandatory depends on whether the "court" or the "property owner" is made the subject of the sentence in the statute. *See Bocquet*, 972 S.W.2d at 20. But in contrasting "may" with mandatory language in various statutes, the court places quotation marks around the verbs or verb phrases as its focus. *Id*.

Because we find that section 42.29 of the tax code does not mandate an award of attorney's fees and because Aaron Rents did not offer any other basis for its contention that the court abused its discretion in denying the requested fees, we overrule Aaron Rents's second issue.

**CONCLUSION**

Having concluded that the district court did not abuse its discretion by denying Aaron Rents the attorney's fees it requested under the declaratory judgments act and the tax code, which do not mandate an award of attorney's fees, we affirm the court's judgment.

_____

Jan P. Patterson, Justice

Before Justices B. A. Smith, Patterson and Puryear: Opinion by Justice Patterson;
    Dissenting Opinion by Justice Puryear

Affirmed

Filed: March 23, 2006

13