

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00623-CV

**THE CITY OF SAN ANTONIO**,
Appellant

v.

**THE ROGERS SHAVANO RANCH, LTD.**, Rogers 1604 Commercial, Ltd., Bitterblue, Inc.,
and Denton Development Corporation,
Appellees

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CI-14306
Honorable Cathleen M. Stryker, Judge Presiding

Opinion by:   Catherine Stone, Chief Justice

Sitting:       Catherine Stone, Chief Justice
               Karen Angelini, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  February 19, 2014

REVERSED AND RENDERED

The sole issue presented in this appeal is whether a trial court has jurisdiction to award attorney's fees under the Uniform Declaratory Judgments Act in a lawsuit filed against a city by developers seeking to enforce their vested rights under Chapter 245 of the Texas Local Government Code.  Because we hold that the recovery of attorney's fees from the city under the UDJA is incidental to and redundant of the relief provided by Chapter 245, we reverse the trial court's order and dismiss the developers' claim against the city for attorney's fees.

## BACKGROUND

The developers, The Rogers Shavano Ranch, Ltd., Rogers 1604 Commercial, Ltd., Bitterblue, Inc., and Denton Development Corporation, sued the City of San Antonio seeking declaratory relief to enforce their vested rights under Chapter 245. The developers sought declarations that either a water contract or a development sewer report constituted an "original application for permit," thereby vesting their rights against the application of subsequently adopted ordinances and regulations. In addition, the developers sought attorney's fees under the UDJA.

The City filed a plea to the jurisdiction, asserting its immunity was not waived with regard to the developers' claim for attorney's fees.[1] After a hearing, the trial court denied the City's plea, and the City appeals.

## STANDARD OF REVIEW

A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of a specific cause of action. *City of San Antonio v. Rogers Shavano Ranch, Ltd.*, 383 S.W.3d 234, 241 (Tex. App.—San Antonio 2012, pet. denied). Subject matter jurisdiction is a question of law that we review de novo. *Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *City of San Antonio*, 383 S.W.3d at 241.

## CHAPTER 245

"Chapter 245 of the [Texas Local Government] Code recognizes a developer's vested rights and requires a regulatory agency to consider approval or disapproval of an application for a permit, such as a subdivision plat, based on regulations and ordinances in effect at the time the original application is filed." *Milestone Potranco Development, Ltd. v. City of San Antonio*, 298

---

[1] This court previously affirmed two prior orders denying pleas to the jurisdiction filed by the City in the underlying cause, holding that the developers had standing to pursue their claims and had exhausted their administrative remedies. *City of San Antonio v. Rogers Shavano Ranch, Ltd.*, 383 S.W.3d 234 (Tex. App.—San Antonio 2012, pet. denied).

S.W.3d 242, 248 (Tex. App.—San Antonio 2009, pet. denied). "The effect of vested rights under Chapter 245 of the Local Government Code is to 'freeze' the land use regulations as they existed at the time the first permit application was filed through completion of the 'project;' in other words, a project with vested rights is not subject to intervening regulations or changes after the vesting date." *City of San Antonio*, 383 S.W.3d at 245. Section 245.006, entitled "Enforcement of Chapter," provides:

> (a)     This chapter may be enforced only through mandamus or declaratory or injunctive relief.

> (b)     A political subdivision's immunity from suit is waived in regard to an action under this chapter.

TEX. LOC. GOV'T CODE ANN. § 245.006 (West 2005).[2]

### UDJA

Section 37.004(a) of the UDJA provides, in pertinent part:

> A person … whose rights, status, or other legal relations are affected by a statute [or] municipal ordinance … may have determined any question *of construction or validity* arising under the … statute [or] ordinance … and obtain a declaration of rights, status, or other legal relations thereunder.

---

[2] The City cites to the rejection of proposed legislation as evidence that the Legislature did not intend to allow the recovery of attorney's fees in suits to enforce vested rights under Chapter 245. The proposed house bill would have expressly authorized the recovery of attorney's fees under Chapter 245. The Texas Supreme Court, however, has held that an appellate court cannot interpret legislative intent from the failure of a bill, reasoning:

> [W]e eschew guesswork, and a bill's failure to pass sheds no light because, as even casual Capitol observers know, bills fall short for countless reasons, many of them "wholly unrelated" to the bill's substantive merits or "to the Legislature's view of what the original statute does or does not mean." Bills rise and fall for reasons both incalculable and inscrutable, and courts' reluctance to draw inferences from subsequent legislative inaction is deeply rooted, as explained by the United States Supreme Court a half-century ago: "Such non-action by Congress affords the most dubious foundation for drawing positive inferences.... Whether Congress thought the proposal unwise ... or unnecessary, we cannot tell; accordingly, no inference can properly be drawn from the failure of the Congress to act." We, too, reject searching for confirmation or contradiction in later sessions' unsuccessful bill drafts. As non-adoption infers nothing authoritative about an earlier statute's meaning, we do not consult failed bills to divine what a previous Legislature intended.

*Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 470-71 (Tex. 2009) (footnote references omitted). Moreover, as the developers note, the amendment could have been rejected on the basis that it also sought to permit the recovery of damages. Accordingly, we decline to guess the Legislature's intent in refusing to pass the proposed amendment.

TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a) (West 2008) (emphasis added). If a suit under the UDJA involves the validity of a municipal ordinance, the municipality "must be made a party," and if a statute or ordinance is alleged to be unconstitutional, "the attorney general must also be served with a copy of the proceeding and is entitled to be heard." *Id*. at § 37.006(b). In any proceeding brought under the UDJA, "the court may award costs and reasonable and necessary attorney's fees as are equitable and just." *Id*. at § 37.009.

## *LEEPER*, *HEINRICH*, AND *SEFZIK*

The Texas Supreme Court has addressed the immunity of governmental entities from relief sought under the UDJA in a series of cases cited by both the City and the developers. *See Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618 (Tex. 2011); *City of El Paso v. Heinrich*, 284 S.W.3d 366 (Tex. 2009); *Tex. Educ. Agency v. Leeper*, 893 S.W.2d 432 (Tex. 1994).

In *Leeper*, a class action lawsuit was brought seeking a construction of section 21.033(a)(1) of the Texas Education Code which contained an exemption from Texas's compulsory school attendance law. 893 S.W.2d at 433. The plaintiffs sought a declaration that the exemption applied to children who were home-schooled. *Id.* "The district court **construed** the exemption to include such children," and the Texas Supreme Court "affirm[ed] the lower court's **construction** of § 21.033(a)(1)." *Id*. (emphasis added). In holding that the trial court's award of attorney's fees was authorized by the UDJA, the court reasoned:

> The DJA expressly provides that persons may challenge ordinances or statutes, and that governmental entities must be joined or notified. Governmental entities joined as parties may be bound by a court's declaration on their ordinances or statutes. The Act thus contemplates that governmental entities may be — indeed, must be — joined in suits to construe their legislative pronouncements. These provisions provide the context for the Act's authorization, in § 37.009, of attorney fee awards. We conclude that by authorizing declaratory judgment actions to **construe** the legislative enactments of governmental entities and authorizing awards of attorney fees, the DJA necessarily waives governmental immunity for such awards.

*Id*. at 446 (emphasis added). Because the Texas Supreme Court affirmed the trial court's award of attorney's fees in a lawsuit involving the "construction" of a statute, the holding in *Leeper* would appear to support an award of attorney's fees against a governmental entity whenever a party seeks declaratory relief regarding the construction of a statute; however, later decisions narrow this holding.

In *Heinrich*, the plaintiff alleged claims against governmental entities and officials, asserting that they violated statutory provisions by reducing her survivor pension benefits. 284 S.W.3d at 369. Although the court made general statements regarding immunity, the focus of the decision was on whether *ultra vires* claims, or claims alleging government officials acted without legal or statutory authority, should be brought against the government officials or the governmental entities. *Id.* at 369-73. Reasoning that *ultra vires* suits are not suits against the state because the unlawful or unauthorized actions of the officials are not considered to be acts of the state, the court held that the "suits cannot be brought against the state, which retains immunity, but must be brought against the state actors in their official capacity." *Id*. at 373.

Although *Heinrich* was focused on *ultra vires* claims, the Texas Supreme Court broadly construed the language in *Heinrich* in *Sefzik*. In *Sefzik*, the Texas Department of Transportation denied Roger Sefzik's application for an outdoor advertising sign. 355 S.W.3d at 620. Sefzik appealed the decision to TxDOT's executive director, who denied the appeal without holding a hearing. *Id*. Sefzik then filed a lawsuit against TxDOT, seeking declaratory relief that he was entitled to a hearing under the Administrative Procedure Act's "contested case" procedures when he appealed TxDOT's denial of his permit application. *Id*. TxDOT filed a plea to the jurisdiction, asserting sovereign immunity barred the suit. *Id*. The trial court denied the plea, and the court of appeals affirmed, concluding that "declaratory judgment claims do not implicate sovereign immunity." *Id*.

The Texas Supreme Court relied heavily on its decision in *Heinrich*, specifically noting that unlike the plaintiff in *Heinrich*, Sefzik had not sued "the state official whose acts or omissions allegedly trampled on [his] rights." *Sefzik*, 355 S.W.3d at 621. Instead, Sefzik argued "that the court of appeals correctly exempted UDJA actions seeking a declaration of rights from the application of the sovereign immunity defense." *Id.* The court rejected this argument, asserting the UDJA claims in *Heinrich* that were brought against the governmental entities were dismissed because the entities were immune. *Id.* The court then stated, "In so doing, we necessarily concluded that the UDJA does not waive the state's sovereign immunity where the plaintiff seeks a declaration of his or her rights under a statute or other law." *Id.*; *see also City of Dallas v. Tex. EZPawn, L.P.*, No. 05-12-001269-CV, 2013 WL 1320513, at *2 (Tex. App.—Dallas Apr. 1, 2013, no pet.) (citing *Sefzik* and *Heinrich* as holding "that the legislature through the UDJA has not clearly and unambiguously waived governmental immunity for actions in which 'the plaintiff seeks a declaration of his or her rights under a statute or other law'") (mem. op.).[3]

This final statement appears to be inconsistent with the holding in *Leeper* that a plaintiff can seek declaratory relief regarding the construction of a statute. Furthermore, it also appears to be inconsistent with the language in section 37.004(a) of the UDJA which expressly authorizes a declaratory judgment action to determine "any question of **construction**" arising under a statute. TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a) (West 2008) (emphasis added). *Sefzik*, however, is the more recent pronouncement, and we are bound by its holding.

---

[3] In *City of Dallas v. EZPawn, L.P.*, EZPawn disagreed with the City's interpretation of an ordinance, and the City asserted that its immunity was not waived under the UDJA for claims seeking the construction or interpretation of an ordinance where the validity of the ordinance was not questioned. 2013 WL 1320513, at *1. EZPawn argued that immunity was waived under the UDJA for suits involving "statutory interpretation as well as invalidation." *Id.* The Dallas court held immunity was not waived. *Id.* at *3.

After broadly stating that the UDJA does not waive immunity for a plaintiff seeking a declaration of his rights under a statute, however, the court further states:

> As we have consistently stated, the UDJA does not enlarge the trial court's jurisdiction but is "merely a procedural device for deciding cases already within a court's jurisdiction." ***Accordingly, the underlying action, if against the state or its political subdivision, must be one for which immunity has expressly been waived***.

355 S.W.3d at 621-22 (internal citations omitted) (emphasis added). In this case, immunity has expressly been waived for the underlying action by Section 245.006; therefore, this language from *Sefzik* would appear to support a holding that the UDJA may be used as a procedural device for seeking attorney's fees in the underlying action. The opinion in *Sefzik*, however, does not end with that language.

Sefzik further argued that the Administrative Procedure Act permitted him to bring a declaratory judgment claim since he was asserting the right to a hearing under the APA's contested case procedures. 355 S.W.3d at 622. The court agreed that the APA does contain a provision expressly allowing a plaintiff to challenge the validity or applicability of an administrative rule in an action for declaratory judgment. *Id.* (quoting TEX. GOV'T CODE § 2001.038(a), (c) which expressly provides, "The validity or applicability of a rule ... may be determined in an action for declaratory judgment if it is alleged that the rule or its threatened application interferes with or impairs ... a legal right or privilege of the plaintiff.... The state agency must be made a party to the action."). In rejecting Sefzik's argument, however, the court noted that Sefzik was not challenging the validity or applicability of an administrative rule but the application of the APA's contested case procedures, which are established by statute, so the language in section 2001.038(a) was not applicable. *Id.* Even more troubling for the developers' argument, however, is this final statement by the court:

> Moreover, the APA's mechanism for seeking a declaration of rights does not trump *Heinrich*'s conclusion that the state is generally immune from declaratory actions brought under the UDJA. Accordingly, section 2001.038 does not carry Sefzik's claim over the hurdle of sovereign immunity.

*Id*.

We construe this language in *Sefzik* as holding that even if a statute expressly authorizes declaratory relief against a governmental entity, a party bringing a declaratory relief claim under that statute still would not be permitted to recover attorney's fees under the UDJA because the governmental entity retains its immunity with regard to those fees. Thus, just as the Texas Supreme Court held that immunity is not waived as to a claim for attorney's fees under the UDJA asserted in connection with a claim for declaratory relief under section 2001.038 of the APA, *id.*, immunity similarly is not waived as to a claim for attorney's fees under the UDJA asserted in connection with a claim for declaratory relief under section 245.006.[4]

If the holding in *Sefzik* were the sole jurisdictional impediment to the developers' recovery of attorney's fees under the UDJA, a remand might be the appropriate remedy because the developers would, in that circumstance, be given "an opportunity to replead in an attempt to cure the jurisdictional defects in [their] petition." 355 S.W.3d at 623 (remanding cause to allow Sefzik the opportunity to replead). If the developers were able to plead their claim against a "[city] official whose acts or omissions allegedly trampled on [the developers''] rights, not the [City] itself," the

---

[4] The developers rely on two intermediate appellate court decisions to contend that they can seek attorney's fees under the UDJA in connection with their Chapter 245 claim. In the first opinion, *Harper Park Two, LP v. City of Austin*, the Austin court reversed the trial court's judgment on Harper Park Two's Chapter 245 claim regarding their vested rights and rendered judgment declaring the extent of those rights. 359 S.W.3d 247, 260 (Tex. App.—Austin 2011, pet. denied). The Austin court also reversed the trial court's take-nothing judgment on Harper Park Two's claim for attorney's fees and remanded the claim for reconsideration in light of Harper Park Two's status as the prevailing party. *Id*. at 259-60. The Austin court did not, however, address the immunity issue raised in the instant case. Similarly, the second case relied on by the developers also does not address whether a city retains its immunity from an attorney's fees claim under the UDJA when the city is sued under Chapter 245 because in that case the court expressly concluded that the plaintiff's pleading did not include a claim for attorney's fees. *City of McKinney v. Hank's Restaurant Group, L.P.*, 412 S.W.3d 102, 118 (Tex. App.—Dallas 2013, no pet. h.).

*ultra vires* exception to immunity might be applicable. *Id*. at 621. In determining the appropriate remedy in this case, however, we must now turn to the City's redundancy argument.

REDUNDANCY

The City contends that the developers erroneously interpret the reference to declaratory relief in Section 245.006 as necessarily referring to the UDJA. The City cites numerous other statutory provisions referring to declaratory relief that do not result in a waiver of immunity for attorney's fees under the UDJA.

The Texas Supreme Court has explained the concept of redundancy under the UDJA as follows:

> [W]hile declaratory relief may be obtained under the Act in all these circumstances [even when another adequate remedy or alternative cause of action exists], that does not mean attorney's fees can too. Texas has long followed the "American Rule" prohibiting fee awards unless specifically provided by contract or statute. By contrast, the Declaratory Judgments Act allows fee awards to either party in all cases. If repleading a claim as a declaratory judgment could justify a fee award, attorney's fees would be available for all parties in all cases. That would repeal not only the American Rule but also the limits imposed on fee awards in other statutes. Accordingly, the rule is that a party cannot use the Act as a vehicle to obtain otherwise impermissible attorney's fees.
>    The Act was originally "intended as a speedy and effective remedy" for settling disputes before substantial damages were incurred. It is "intended to provide a remedy that is simpler and less harsh than coercive relief, if it appears that a declaration might terminate the potential controversy." But when a claim for declaratory relief is merely tacked onto a standard suit based on a matured breach of contract, allowing fees under Chapter 37 would frustrate the limits Chapter 38 imposes on such fee recoveries. And granting fees under Chapter 37 when they are not permitted under the specific common-law or statutory claims involved would violate the rule that specific provisions should prevail over general ones. While the Legislature intended the Act to be remedial, it did not intend to supplant all other statutes and remedies.

*MBM Finan. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 669-70 (Tex. 2009) (footnote references omitted).

The developers argue that the cases decided under the other statutory provisions cited by the City hold that attorney's fees may not be recovered under the UDJA because those statutory

provisions contained more specific procedures. We do not read the holdings in the cited cases so narrowly.

With regard to the Texas Public Information Act, the Texas Supreme Court held the same reasoning set forth in *MBM Finan. Corp.* applied when a claim for attorney's fees under the UDJA was merely incidental to other claims for relief.[5] *Jackson v. State Office of Admin. Hearings*, 351 S.W.3d 290, 301 (Tex. 2011). The court noted that the plaintiff's claim against the defendant arose "specifically under the TPIA." *Id*. The court then held that the plaintiff's claim for attorney's fees was "incidental to his central theory of relief which arises squarely under the TPIA." *Id*. Thus, the attorney's fees were not recoverable.

Similarly, in considering a claim under the Texas Natural Resources Code, the court noted that the "claim for declaratory relief [was] merely incidental to the title issues," and the UDJA "does not authorize an award of attorney fees" in such circumstances." *John G. and Marie Stella Kenedy Mem. Found. v. Dewhurst*, 90 S.W.3d 268, 289 (Tex. 2002). In that case, the court specifically noted, "the provisions of the Natural Resources Code which permit the Foundation to sue the State in this case do not provide for recovery of attorney fees."[6] *Id*. Thus, the attorney's fees were not recoverable.

In addition to the Texas Supreme Court's reference to attorney's fees not being recoverable under the APA in *Sefzik*, the Austin court reached a similar conclusion in discussing the APA, noting "[w]hen a plaintiff files a proceeding that only challenges the validity of an administrative rule, the parties are bound by the APA and may not seek relief under the UDJA because such relief

---

[5] Section 552.3215(b) of the TPIA provides, "An action for declaratory judgment or injunctive relief may be brought in accordance with this section against a governmental body that violates this chapter." TEX. GOV'T CODE ANN. § 552.3215(b) (West 2012).

[6] Section 33.171(a) of the Texas Natural Resources Code provides, "A littoral owner whose rights may be affected by any action of the board under this chapter may bring a suit for a declaratory judgment against the State of Texas in a district court in Travis County to try the issues." TEX. NAT. RES. CODE ANN. § 33.171(a) (West 2011).

would be redundant."[7] *Texas State Bd. of Plumbing Examiners v. Associated Plumbing-Heating-Cooling Contractors of Tex., Inc.*, 31 S.W.3d 750, 753 (Tex. App.—Austin 2000, pet. dism'd). "This proposition is consistent with appellate-court holdings that have concluded it is an abuse of discretion to award attorney's fees under the UDJA when the relief sought is no greater than relief that otherwise exists by agreement or statute." *Id.* "It is an abuse of discretion, therefore, to award attorney's fees under the UDJA when the statute is relied upon solely as a vehicle to recover attorney's fees." *Id.*

Because the developers seek to recover the attorney's fees from the City itself, granting such fees under the UDJA "when they are not permitted under [Chapter 245] would violate the rule that specific provisions should prevail over general ones." *MBM Finan. Corp.*, 292 S.W.3d at 670. Accordingly, the developers' claim for attorney's fees against the City is incidental to their central theory of relief under Chapter 245. As such, the attorney's fees are not recoverable. Therefore, we dismiss the developers' claim against the City for attorney's fees. *See Tex. State Bd. of Veterinary Medical Examiners v. Giggleman*, 408 S.W.3d 696, 708-09 (Tex. App.—Austin 2013, no pet.) (dismissing claim for attorney's fees under UDJA for want of subject-matter jurisdiction where UDJA claim was merely incidental to claim under Texas Public Information Act).

## CONCLUSION

Because seeking the recovery of attorney's fees against the City under the UDJA is incidental to and redundant of the relief provided by Chapter 245, the trial court erred in denying the City's plea to the jurisdiction as to this claim. We express no opinion as to whether attorney's

---

[7] Section 2001.038(a) of the APA provides, "The validity or applicability of a rule … may be determined in an action for declaratory judgment if it is alleged that the rule or its threatened application interferes with or impairs, or threatens to interfere with or impair, a legal right or privilege of the plaintiff." TEX. GOV'T CODE ANN. § 2001.038(a) (West 2008).

fees could be recovered in the event the developers are able to amend their pleadings to add an *ultra vires* claim against the "official whose acts or omissions allegedly trampled on the [developers'] rights." *Sefzik*, 355 S.W.3d at 621.

Catherine Stone, Chief Justice