Claude HALEY dba Frank's Tomato House, Appellant,

v.

Earl YOUNG, Appellee.

No. 16731.

Court of Civil Appeals of Texas, Houston.

Aug. 19, 1976.

Denson & Swain, Richard B. Warnke, Houston, for appellant.

No brief filed for appellee.

COLEMAN, Chief Justice.

This is an appeal from an order quashing a writ of garnishment on the ground that the judgment to which it is ancillary is invalid. This finding was based on the fact that the petition alleged a cause of action against "Earl Young, Jr.", and service was had on "Earl Young, Jr.", but the judgment was rendered against "Earl Young." The judgment will be reversed and the cause remanded.

The plaintiff alleged that it sold to the defendant, Earl Young, Jr., certain produce

and was given in payment therefor two checks, one in the sum of $365.75, and the other in the sum of $382.50. In the upper lefthand corner of each of these checks was printed:

"EARL YOUNG, JR.

905 Oak St., Apt. No. 35 Houston, Texas" Each check was signed "Earl Young." The citation reflects service on Earl Young, Jr. at 2021 Airline. An answer was filed on behalf of "Earl Young, Jr." by John C. Perkins under whose signature appears the legend "Attorney for Earl Young, Jr."

The plaintiff filed a motion for summary judgment, and in opposition thereto a "Motion" was filed. The first paragraph of this motion reads:

"COMES NOW, EARL YOUNG, Defendant in the above styled and numbered cause and files this his motion in opposition to Plaintiff's motion for summary judgment in said cause, and for grounds therefore would show unto the Court as follows:

I.

"Defendant would show unto the Court that Plaintiff's cause of action is based upon the sale by Plaintiff and purchase of Defendant of perishable goods. Defendant would further show unto the Court that there is a legitimate dispute as to the value and quality of the goods which were purchased . . ."

The pleading was signed "John Cody Perkins" attorney for Defendant.

An affidavit in opposition to the motion was also filed. This affidavit reads:

"My name is Earl Young. I am the Defendant in the above entitled and numbered cause, and I am engaged in the business of the purchase and resale of produce in and about Houston, Harris County, Texas.

"On or about the first day of June, 1973, I purchased from the Plaintiff in the above referenced cause a quantity of tomatoes and executed and delivered to Plaintiff, my check payable to Frank's Tomato House, drawn on the Northwest National Bank, Houston, Harris County, Texas, in the amount of $365.75.

"On or about the second day of June, 1973, I purchased a second quantity of tomatoes from the Plaintiff herein, and on the same day issued a second check which was executed and delivered to Frank's Tomato House and made payable thereto, drawn on the Northwest National Bank in the amount of $382.50.

" . . . ."

This affidavit was signed by Earl Young and notarized by his attorney, John C. Perkins.

Subsequently in response to a motion for sanctions the defendant's pleadings were struck and a judgment was entered in favor of Claude Haley d/b/a Frank's Tomato House and against "Earl Young" in the sum of $748.25 together with interest and costs. In response to plaintiff's application the writ of garnishment was issued to Northwest National Bank. The bank filed answer admitting that it was indebted to Earl Young. A motion to quash was then filed by Earl Young in which it was stated:

"The judgment upon which the garnishment proceeding is based is against EARL YOUNG, JR. EARL YOUNG and EARL YOUNG, JR. are not one in the same person."

Both the judgment and the abstract of judgment show the defendant's name to be "Earl Young."

■ By his answer to plaintiff's motion for summary judgment Earl Young made himself a party to the suit against "Earl Young, Jr." He judicially admitted that he wrote the checks which form the basis of the plaintiff's cause of action. He admitted that he stopped payments on the checks drawn on the Northwest National Bank of Houston, Harris County, Texas. In a letter directed to the clerk of the court and filed in the cause John Cody Perkins stated that he did not represent Earl Young, Jr. and that he did represent Earl Young, Sr. While he stated that Earl Young, Sr. was not a party in the case, all of the pleadings

filed for the defendant were filed by John Cody Perkins as attorney for the defendant Earl Young.

■ A writ of garnishment may be issued when the plaintiff has a valid and subsisting judgment. Article 4076, V.A.C.S. Where a garnishment is based on a judgment, there must be a valid judgment against the person who is the owner of the fund garnished. *Stallings v. Jim Handley, Inc.*, 181 S.W.2d 814 (Tex.Civ.App.—Galveston 1944, no writ); *Burrow-Jones-Dyer Shoe Co. v. Gerlach Mercantile Co.*, 200 S.W. 250 (Tex.Civ.App.—Amarillo 1918, no writ). A judgment which is void for lack of service will not support a writ of garnishment. *First National Bank of Marshall v. Alexander*, 236 S.W. 229 (Tex.Civ.App.—Texarkana 1921, no writ history).

■ The necessity for the service of citation on a defendant in a case is waived when he files an answer. *Culligan Soft Water Service v. State*, 385 S.W.2d 613 (Tex.Civ.App.—San Antonio 1964, writ ref'd n.r.e.); *Bullock v. Land*, 443 S.W.2d 60 (Tex.Civ.App.—Eastland 1969, writ ref'd n.r.e.); *Gonzales v. Gonzales*, 484 S.W.2d 611 (Tex.Civ.App.—El Paso 1972, no writ history).

■ Where the proper person intended to be sued was incorrectly named in the plaintiff's petition and was served with citation under the incorrect name a judgment rendered against the defendant using the incorrect name is nevertheless binding. *Abilene Independent Telephone & Telegraph Co. v. Williams*, 111 Tex. 102, 229 S.W. 847 (1921); *McGhee v. Romatka*, 92 Tex. 38, 45 S.W. 552 (1898); *Duncan v. Smith Bros. Grain Co.*, 113 Tex. 555, 260 S.W. 1027 (1924).

■ Earl Young cannot file an answer in the main suit and participate in the defense of that suit and, after judgment is rendered, contend that the judgment was not rendered against him. It is clear from the record that the Earl Young who defended the cause was the same Earl Young who filed the motion to quash garnishment.

■ This appeal was taken without a statement of facts or findings of fact. In such a case an appellate court may assume that proof was introduced in the trial court which would have supported its judgment. *Lane v. Fair Stores*, 150 Tex. 566, 243 S.W.2d 683 (1951). In this case, however, the motion to quash is based on the sole ground that the judgment on which the garnishment was based was rendered against Earl Young, Jr. rather than Earl Young. It is established by the record that the judgment was rendered against Earl Young, that Earl Young appeared and defended the suit, and that Earl Young is the owner of the account which was reached by the garnishment proceeding. The judgment entered reflects that the motion to quash was sustained on the grounds stated in said motion. Since the grounds on which the court acted in quashing the writ of garnishment are stated in the order entered by the court, the failure to present a statement of facts in this court is not decisive of the appeal. The fact that the judgment was rendered against Earl Young, who defended the suit, is established by the record and by judicial admission. Evidence taken at this ancillary proceeding could not affect the validity of the judgment rendered.

■ The garnishment proceedings are in proper form and have not been attacked by any of the parties to this suit. The garnishee has answered, admitting an indebtedness to Earl Young. Earl Young made himself a party to these proceedings by filing a motion to quash. This is a permissible procedure. *Phillips v. Interstate Securities Co. of Texas*, 250 S.W.2d 444 (Tex.Civ.App.—El Paso 1952, no writ history). The only issue made by the pleading is whether the judgment upon which the garnishment proceeding was based was taken against Earl Young, Jr. rather than Earl Young. We notice that the garnishment proceeding was filed under the style and number of the main suit contrary to the requirement of Rule 659, Texas Rules of Civil Procedure. However, in a garnishment suit judicial notice is taken of the proceedings and judgment in the main suit. McCormick & Ray,

Texas Law of Evidence, 2nd Ed., § 185, p. 204.

The judgment of the trial court is reversed and the cause is remanded to the trial court with instructions to enter judgment in favor of Claude Haley d/b/a Frank's Tomato House and against Northwest National Bank, Houston, Harris County, Texas, as required by Rules 668 and 677, Texas Rules of Civil Procedure.