TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00077-CV







The University of Texas at Austin, Pebbles Wadsworth, Alva Hascall, Gerhard Fonken,


William Cunningham, and Jon S. Whitmore, Appellants



v.



Kitty (Kathleen) Ables and Lynne Lange, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT


NO. 92-11497, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING








 The University of Texas at Austin and five of its officers and employees appeal
from an adverse judgment obtained by plaintiffs Kathleen (Kitty) Ables, Ray Fishel, Daphne
Hodges, John Hood, Lynne Lange, and Carol Stall. (1) We will affirm the judgment in part, reverse
the judgment in another part, and render judgment on the part reversed.



THE CONTROVERSY


 In 1992, the University reorganized the employee structure of its Performing Arts
Center (PAC), abolishing certain employee positions and establishing new ones. The plaintiffs'
positions were abolished in the reorganization. Their applications for employment in a new
position at the PAC were not accepted. Alleging a right to "continued employment" and that the
reorganization was only a pretext for discharging them because of their age or sex, the plaintiffs
sued the University to recover compensatory damages for the alleged discrimination together with
declaratory relief, injunctive relief, and attorney's fees. On their demand, a jury tried the factual
issues pertaining to their claims.

 The jury returned a verdict in which they answered special questions as follows: 
(1) during the reorganization, the University discriminated against Ables because of her age and
the sum of $103,143 would fairly and reasonably compensate her for her resulting injuries; (2)
the jury declined to find that Hodges, Lange, or Hood were discriminated against during the
reorganization, and the jury did not find any sum of money necessary to fairly and reasonably
compensate them for any injury; and (3) the reorganization was "a guise for terminating," without
cause, the employment of Ables, Fishel, Hodges, Hood, and Lange.

 Upon the verdict, the trial judge rendered judgment awarding Ables $103,143.00
in compensatory damages together with pre-judgment interest in the amount of $5,692.80 and
post-judgment interest at ten percent per annum. The University does not assign error with
respect to this part of the judgment and we will affirm it.

 Based upon the trial judge's post-trial supplementary finding that the reorganization
deprived Lange of property without due process of law, in violation of Article I, section 19 of the
Constitution of the State of Texas, the judgment awards her declaratory relief to that effect. (2) 
Without any express supplementary findings by the trial judge, the judgment orders that Ables,
Fishel, Hodges, Hood, Lange, and Stall recover jointly from the University the sum of
$85,034.65 as attorney's fees. (3) In four points of error, the University contends the trial court
erred as a matter of law in awarding Lange declaratory relief, to the effect indicated, and in
awarding the plaintiffs jointly the sum of $85,034.65 as attorney's fees.

 In conjunction with all points of error, we should refer first to the provisions of
Rule 279, Texas Rules of Civil Procedure. The rule lays down the following basic precept in
cases submitted to a jury: "Upon appeal all independent grounds of recovery . . . not conclusively
established under the evidence and no element of which is submitted or requested are waived." 
 Tex. R. Civ. P. 279.; see, e.g., Southwestern Bell Tel. Co. v. Delanney, 809 S.W.2d 493, 495
(Tex. 1991) (plaintiff waived breach-of-contract claim when no jury question submitted thereon
in addition to questions relating to negligence claim); Wilie v. Montgomery Ward & Co., 291
S.W.2d 432, 437-38 (Tex. Civ. App.--Waco 1956, no writ) (plaintiff waived claim for statutory
attorney's fees in sworn-account action when no issue of reasonable attorney's fees submitted to
jury).



DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS OF LAW


 No question submitted to the jury pertained to a claim that Lange was deprived of
property without due process of law. The jury were asked whether the reorganization was a
pretext for terminating her employment without cause, and the jury answered "Yes." Under these
circumstances, Rule 279 requires that we hold Lange waived the claim unless we may conclude
(1) the jury finding that the reorganization was a pretext was an element of Lange's action for
deprivation of property without due process of law and necessarily referable thereto, and (2) the
evidence is factually sufficient to support a finding on any elements of that action missing from
the verdict; or (3) Lange established conclusively her right to recover for a deprivation of property
without due process of law. See Tex. R. Civ. P. 279; see generally, 4 McDonald Texas Civil
Practice § 22.57 (1992). The record will not justify any of these conclusions.

 The finding that the reorganization was a pretext was neither an element of a cause
of action for an unconstitutional deprivation of property nor necessarily referable thereto. The
finding expressly and necessarily referred to Lange's unsuccessful claim of sex or age
discrimination, practiced upon her in the "guise" of a reorganization of the PAC. (4) Even then, the
pretext was merely evidentiary--it was not even an element of her claim of discrimination, a claim
the verdict and the judgment rejected. Cf. Colbert v. Dallas Joint Stock Land Bank, 102 S.W.2d
1031, 1035 (Tex. 1937) (finding of issue relative to action on express contract not necessarily
referable to action on quantum meruit for same services). In addition, the declaratory relief
awarded Lange was quite outside her pleadings. See Tex. R. Civ. P. 301. Moreover, we believe
the evidence is factually insufficient to support a finding that Lange was deprived of "property"
by the elimination of her position at the PAC; and the record reveals no basis for a conclusion that
she established such a deprivation conclusively.

 Article I, section 19 of the Texas Constitution provides that no person "shall be
deprived of . . . property . . . except by the due course of the law of the land." The word
"property" implies the same basic meaning as the word does in the Fourteenth Amendment to the
Constitution of the United States. See 1 George D. Braden, The Constitution of the State of Texas
68-69 (1977).

 The evidence reveals that Lange worked in the University, at the PAC, for several
years before July 6, 1992. On that day, Lange received a letter from the PAC director notifying
her that her position as associate producer "is to be deleted as a result of a duly approved
reorganization" as provided in University rules; and, "[t]herefore, your employment in this
position will be terminated effective at the close of the business day, Monday, August 31, 1992,
the expiration date of your current appointment." The second paragraph of the letter invited
Lange to apply for a new position at the reorganized PAC, stating that these positions would be
"posted" in a specified place the following week.

 Alleging the reorganization was a pretext for discharging her without a hearing on
the basis of her sex or age, Lange initiated a grievance proceeding within the University. The
proceeding ended when an officer of the University stated in a letter to Lange, dated September
2, 1992, that the officer found no basis for Lange's claim and concluded that she was not
terminated for cause but simply because of the reorganization. In his letter, the officer invited
Lange to apply for other employment positions in the University and for special assistance in
doing so.

 While pursuing her grievance proceeding, Lange applied concurrently for
employment at the University's Faculty Center. Her application was accepted. On August 5,
1992, before resolution of her grievance proceeding and before the effective date of her
termination, she began work at the Faculty Center at a monthly salary of $1,802, a sum in excess
of her previous PAC salary of $1,742 per month. Her job title at the Faculty Center is "senior
administrative associate."

 Lange testified she was not unhappy in her position at the Faculty Center but would
be willing to go back to the PAC. She admitted she had not, as a result of the reorganization, lost
any retirement, insurance, or other economic benefit the University provides its employees. The
only "loss" she described was the difference between her previous PAC salary of $1,742 and the
monthly salary increase she would have received had she been accepted for one of the new PAC
positions. She also stated she believed herself injured by the duplicity of the PAC director in
praising Lange's performance while planning a reorganization that would eliminate her former
PAC position as "associate producer." Lange conceded, however, that the director had not been
"mean" to her and had not threatened or abused her.

 To determine whether the constitutional guarantee applies, one must look to the
nature of the property interest claimed to have been affected adversely. The range of protected
interests is not infinite. See Ingraham v. Wright, 430 U.S. 651, 672 (1977); Board of Regents
v. Roth, 408 U.S. 564, 570 (1972). The protected interests are basically those created and defined
by state law. See Bishop v. Wood, 426 U.S. 341, 344 n.7 (1976); Perry v. Sindermann, 408 U.S.
593, 601 (1972). The only right of property alleged in Lange's petition is a right of "continued
employment."

 We believe the evidence does not show that Lange sustained an injury to her
property. She conceded in her testimony that she sustained no economic or financial loss. The
"loss" claimed in her evidence consists of hurt feelings, a disappointed expectation of obtaining
one of the new PAC positions, and the speculative pay increase she would have received if she
had been successful in obtaining one of the new PAC positions.

 Unless Lange was deprived of a property interest, there is no meaning in and no
rational basis for a conclusion that she was "deprived of due process of law," in the words of the
judgment. Thus there is no basis in the evidence for that declaratory judgment. It reduces to
nothing more than a vehicle for awarding attorney's fees to the plaintiffs under the statute
authorizing recovery of attorney's fees in declaratory-judgment actions, a matter next to be
discussed.

 We sustain the University's third point of error complaining that the trial court
erred as a matter of law in awarding Lange declaratory relief.



ATTORNEY'S FEES


 The University complains the trial judge abused his discretion in awarding plaintiffs
jointly the sum of $85,034.65 as attorney's fees. (5) The plaintiffs adduced evidence before the jury
concerning attorney's fees. The evidence consisted of their attorney's testimony about the
quantity of work he and an associate had devoted to the case and the amount of their hourly
charges. (6) As a discovery sanction, however, the trial judge excluded the attorney's testimony
about the reasonableness and necessity of the work and the resulting fees. The plaintiffs do not
assail this exclusion of evidence. The plaintiffs submitted no question to the jury concerning
attorney's fees. Under the express provisions of Rule 279, they consequently waived any right
to recover the fees. See Loom Treasures, Inc. v. Terry Minke, Advertising Design, Inc., 635
S.W.2d 940, 942 (Tex. App.--Fort Worth 1982, no writ); Wilie, 291 S.W.2d at 437-38. In
addition, the plaintiffs had no legal right to recover attorney's fees because the declaratory-judgment action upon which they claimed the right requested no greater or different relief than
did their claim for damages resulting from age or sex discrimination. (7) See HECI Exploration Co.
v. Clajon Gas Co., 843 S.W.2d 622, 638-39 (Tex. App.--Austin 1992, no writ); Bexar County
Review Bd. v. First Baptist Church, 846 S.W.2d 554, 560-61 (Tex. App.--San Antonio 1993, no
writ). For each of these reasons, the trial judge lacked the power, and hence the discretion, to
award attorney's fees.

 There remain additional reasons for concluding the trial judge abused his discretion
in awarding attorney's fees. It appears from the record that the trial judge based his calculation
and award of attorney's fees upon an ex parte affidavit attached to plaintiff's post-trial motion
requesting attorney's fees in the amount of $85,034.65. The affidavit averred matters similar to
those about which the plaintiff's lawyer testified at trial, concerning the work of plaintiffs'
attorneys in the case, their hourly charges for contingent-fee representation (which appears to be
a contradiction in terms), the resulting fee of $85,034.65, and the fact that the attorneys
represented the plaintiffs on a contingent-fee basis. The University moved to strike the plaintiffs'
motion. The trial court judgment overruled the University's motion expressly. And while the
plaintiffs' post-trial motion was never heard or expressly sustained, the judgment grants the relief
requested therein by awarding plaintiffs attorney's fees in the amount of $83,034.54 as requested
in the motion.

 The determination of reasonable and necessary attorney's fees is a question for the
jury when they are the trier of fact. Stewart Title Guar. Co. v. Sterling, 822 S.W.2d 1, 12 (Tex.
1991); Great Am. Res. Ins. Co. v. Britton, 406 S.W.2d 901, 907 (Tex. 1966). In the present
case, the evidence was never re-opened, the court accepted the jury's verdict and never set it aside
in any respect, and there was no order for a separate trial of any claim or issue. The University
objected to the affidavit by moving to strike the motion to which it was attached. The plaintiffs'
claim for attorney's fees was controverted. In these circumstances, the trial judge had no power
to receive evidence in any form. Tex. R. Civ. P. 270 ("[I]n a jury case no evidence on a
controversial matter shall be received after the verdict of the jury."). We are, moreover, unaware
of any statute that makes ex parte affidavits competent evidence upon which a court may make fact
findings in the circumstances described. The trial judge therefore had no evidentiary basis upon
which to make the fact findings necessary to determine a reasonable and necessary fee, even if he
had the power to do so.

 For the reasons given, we hold the trial court abused its discretion in awarding
attorney's fees to plaintiffs. We sustain the University's first, second, and fourth points of error
complaining the award was erroneous as a matter of law.

 We reverse the trial-court judgment insofar as it awards attorney's fees and declares
that Lange was deprived of property without due process of law. We render judgment that
plaintiffs take nothing in those respects. Tex. R. App. P. 80(b). We affirm the remainder of the
judgment awarding Ables compensatory damages together with pre-judgment and post-judgment
interest.



 

 John Powers, Justice

Before Justices Powers, Aboussie and Kidd

Affirmed in Part; Reversed and Rendered in Part

Filed: January 24, 1996

Publish
1.   The five officers and employees are Gerhard Fonken, Alva Hascall, William
Cunningham, John Whitmore, and Pebbles Wadsworth. For convenience, we will refer to
all the appellants, defendants below, as the "University."


 Of the plaintiffs named above, Fishel and Hodges settled and compromised their
claims with the University before judgment. They remain in the litigation, however, because
they were included in the trial-court judgment as recovering attorney's fees jointly with
Ables, Hood, Lange, and Stall. Only Ables and Lange were awarded substantive relief in
the judgment. Owing to our resolution of the appeal, we need not discuss these peculiarities
in the judgment.
2.   The judgment actually declares that the University, in the course of reorganizing the
PAC, "deprived [Lange] of procedural and substantive due process of law and/or due process
in violation of Article I," sections 13 and 19, of the Constitution of the State of Texas. 
Interpreting this language liberally, we will assume it means that the University deprived
Lange of property in violation of the constitutional guarantees. We will assume further that the
"property" in question was Lange's interest in continued employment at the PAC. The record
contains no express findings by the trial judge, supplementing the jury's verdict, beyond the
conclusory finding just quoted.


 Article I, section 13 of the Texas Constitution, also mentioned in the trial-court judgment,
is not applicable because it deals solely with access to the courts, a matter not involved here. See
1 George D. Braden, The Constitution of the State of Texas 50 (1977). We will therefore confine
our discussion, in the text, to section 19 of Article I.
3.   Neither the evidence nor the judgment purports to segregate the amount of attorney's
fees among the several plaintiffs who recovered jointly the award of such fees.
4.   A University rule required a hearing before an employee might be discharged for cause, but
the rule did not apply in cases where an employee's discharge resulted from a reorganization. 
Alleging she "was passed over for promotion and/or transfer and was not rehired for" a new PAC
position "in favor of younger and/or male applicants," Lange averred her discriminatory discharge
denied her continued employment without due process of law, breached her employment
agreement, and resulted in a loss of pay, retirement benefits, and seniority.


 Together with all the plaintiffs, Lange prayed for a declaratory judgment that the
University rule was unconstitutional because it denied employees due process of law. She in
particular prayed for injunctive relief restoring her to her former PAC position, together with
compensatory damages for her financial loss, exemplary damages, declaratory relief that the
University's "discriminatory termination and failure to rehire [her] based on age and/or sex was
in violation of the Texas Commission on Human Rights Act," and attorney's fees.


 She did not request declaratory relief that the PAC reorganization deprived her of property
without due process of law. She requested declaratory relief that the University rule was
unconstitutional and that her discharge and the University's failure to rehire her at the PAC was
discriminatory and in violation of the statute mentioned. The trial court judgment did not award
her either form of the declaratory relief she requested. Instead, the judgment awarded declaratory
relief that no plaintiff requested because it was merely evidentiary as to all the plaintiffs' claims
of discrimination. See Tex. R. Civ. P. 301 ("The judgment of the court shall conform to the
pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give
the party all the relief to which he may be entitled either in law or equity.").
5.   A trial judge abuses his or her discretion by deciding a matter without a factual basis
necessary for a rational decision or by purporting to decide a matter that the law does not commit
to the judge's discretion. See Landon v. Jean-Paul Budinger, Inc., 724 S.W.2d 931, 937-39
(Tex. App.--Austin 1987, no writ).
6.   The plaintiffs grounded their right to recover attorney's fees on certain provisions of
the Texas Civil Practice and Remedies Code, and the trial court purported to award recovery
of the fees on those same grounds. The first ground is found in sections 104.001-.002 of the
Code, providing that the State shall indemnify its officers and employees when attorney's fees
are adjudged against them in specified circumstances. Tex. Civ. Prac. & Rem. Code
§§ 104.001-.002 (West Supp. 1995). These two sections are not, therefore, authority for a trial
court's award of attorney's fees to plaintiffs in actions against such officers and employees.


 The second ground is that found in the Uniform Declaratory Judgments Act. In
such actions, "the court may award costs and reasonable and necessary attorney's fees as are
equitable and just."  § 37.009 (emphasis added). It should go without saying that the word
"court" means the court acting with the jury in cases tried before both together. Notwithstanding
lawyer slang, the words "court" and "judge" are not synonyms in either ordinary or legal usage. 
See Nalle v. City of Austin, 104 S.W. 1050, 1053 (Tex. 1907); Welch v. Welch, 369 S.W.2d 434,
437 (Tex. Civ. App.--Dallas 1963, no writ). And it is incorrect to suppose that the reasonableness
of attorney's fees is not a jury question, but instead a matter entrusted to the trial judge's
discretion and his adjudication of reasonableness based upon judicial knowledge or notice. Great
Am. Res. Ins. Co. v. Britton, 406 S.W.2d 901, 907 (Tex. 1966). This applies to declaratory
judgment actions because in such actions "issues of fact are tried and determined" in the same
manner as "in other civil actions."  § 37.007.
7.   See supra note 4.


The Constitution of the State of Texas 50 (1977). We will therefore confine
our discussion, in the text, to section 19 of Article I.
3.   Neither the evidence nor the judgment purports to segregate the amount of attorney's
fees among the several plaintiffs who recovered jointly the award of such fees.
4.   A University rule required a hearing before an employee might be discharged for cause, but
the rule did not apply in cases where an employee's discharge resulted from a reorganization. 
Alleging she "was passed over for promotion and/or transfer and was not rehired for" a new PAC
position "in favor of younger and/or male applicants," Lange averred her discriminatory discharge
denied her continued employment without due process of law, breached her employment
agreement, and resulted in a loss of pay, retirement benefits, and seniority.


 Together with all the plaintiffs, Lange prayed for a declaratory judgment that the
University rule was unconstitutional because it denied employees due process of law. She in
particular prayed for injunctive relief restoring her to her former PAC position, together with
compensatory damages for her financial loss, exemplary damages, declaratory relief that the
University's "discriminatory termination and failure to rehire [her] based on age and/or sex was
in violation of the Texas Commission on Human Rights Act," and attorney's fees.


 She did not request declaratory relief that the PAC reorganization deprived her of property
without due process of law. She requested declaratory relief that the University rule was
unconstitutional and that her discharge and the University's failure to rehire her at the PAC was
discriminatory and in violation of the statute mentioned. The trial court judgment did not award
her either form of the declaratory relief she requested. Instead, the judgment awarded declaratory
relief that no plaintiff requested because it was merely evidentiary as to all the plaintiffs' claims
of discrimination. See Tex. R. Civ. P. 301 ("The judgment of the court shall conform to the
pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give
the party all the relief to which he may be entitled either in law or equity.").
5.   A trial judge abuses his or her discretion by deciding a matter without a factual basis
necessary for a rational decision or by purporting to decide a matter that the law does not commit
to the judge's discretion. See Landon v. Jean-Paul Budinger, Inc., 724 S.W.2d 931, 937-39
(Tex. App.--Austin 1987, no writ).
6.   The plaintiffs grounded their right to recover attorney's fees on certain provisions of
the Texas Civil Practice and Remedies Code, and the trial court purported to award recovery
of the fees on those same grounds. The first ground is found in sections 104.001-.002 of the
Code, providing that the State shall indemnify its officers and employees when attorney's fees
are adjudged against them in specified circumstances. Tex. Civ. Prac. & Rem. Code
§§ 104.001-.002 (West Supp. 1995). These two sections are not, therefore, authority for a trial
court's award of attorney's fees to plaintiffs in actions against such officers and employees.


 The second ground