ACCEPTED
04-14-00078-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
6/30/2015 4:07:08 PM
KEITH HOTTLE
CLERK

## NO. 04-14-00078-CV

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
06/30/15 4:07:08 PM
KEITH E. HOTTLE
Clerk

## IN THE COURT OF APPEALS

## FOR THE FOURTH JUDICIAL DISTRICT OF TEXAS AT SAN ANTONIO

RIVER CITY CARE CENTER, INC. D/B/A RIVER CITY CARE
CENTER,

*Appellant*,

v.

BETTY TAYLOR,
*Appellee.*

On Appeal from the 37th Judicial District Court,
Bexar County, Texas, Cause No. 2011-CI-15814

## APPELLEE'S MOTION FOR REHEARING AND BRIEF IN SUPPORT

Paul G. Vick  - State Bar No. 20563950
pvicklaw@aol.com
James McDonough - State Bar No.
24007325 lawjmcd@yahoo.com


Law Offices of Paul G. Vick
Law Offices of James C.
McDonough
6243 IH 10 West, Suite 860
San Antonio, Texas 78201
210-735-1794
210-733-7510 fax
ATTORNEYS FOR APPELLEE

June 30, 2015

**TO THE HONORABLE FOURTH COURT OF APPEALS:**

Comes Now, Appellee Betty Taylor, and pursuant to Texas Rule of Appellate Procedure 49, files this Motion for Rehearing, and states as follows:

## ISSUE PRESENTED

Appellee, Betty Taylor files this Motion for Rehearing of this Court's June 17, 2015 Memorandum Opinion on the grounds that the Court improperly reversed and rendered judgment that Appellee, Betty Taylor take nothing solely with respect to the issue of the award of attorney fees.

## STATEMENT OF FACTS

The underlying lawsuit was filed by Taylor against Appellant, River City Care Center, Inc. (hereinafter referred to as River City) which alleged age discrimination and related damages. The case was called to trial on September 16, 2013 and the jury returned a verdict in favor of Taylor on the issue of age discrimination, but found that River City would have taken the same action in the absence of the impermissible motivating factor. (CR 310-311). The Trial Court held a hearing on Taylor and River City's Motions for Final Judgment and, after hearing arguments of counsel, entered a Final Judgment against River City which prohibited River City "from engaging in the unlawful employment practice of age discrimination", and awarded damages and attorney fees to Taylor. (Cr 398).

River City appealed the Judgment and this Court determined that the Trial Court had abused its discretion in its award of damages and attorney fees and reversed and remanded that Taylor take nothing. Taylor brings this Motion for Reconsideration solely on the issue of attorney's fees.

## ARGUMENT AND AUTHORITIES

As this Court correctly points out, there are two (2) remedies for the recovery of attorney fees in an age discrimination case. For purposes of this motion, Taylor focuses her attention on Section 21.125 of the Texas Labor Code which in summary grants the trial court the discretion to award attorney fees and costs demonstrated to be directly attributable to the discriminatory complaint when there is a finding that age was a motivating factor in the employment decision, and that the employer would have taken the same action in the absence of the impermissible motivating factor. See Tex. Labor Code Ann. §21.125 (a), (b). The award of attorney's fees generally rests within the sound discretion of the trial court. *Ragsdale v. Progressive Voters League,* 801 S.W.2d 880, 881 (Tex.1990) (per curiam).

In the Memorandum Opinion, this Court relies on the premise that when Taylor failed to obtain a jury finding on attorney's fees and fees were disputed, any award of attorney's fees would be an abuse of discretion, citing *Univ. of Tex. v. Ables,* 914 S.W.2d 712 (Tex. App.- Austin 1996, no writ) and Tex. R. Civ. P. 279.

However, the facts in the *Ables* case are not analogous to the facts in this case as they relate to the relevant issues in this appeal, and in particular this motion for reconsideration. In the *Ables* case, the trial court excluded attorney testimony about the reasonableness and necessity of the work and the resulting fees, and the requesting party in *Ables* did not submit a question/issue for the jury concerning attorney fees. *Id.* at 717. As a result of the express provisions of Rule 279, the exclusion of such testimony and the failure to submit the question to the jury resulted in a waiver of the right to recover attorney fees. *Id.*

In this case, Taylor reiterates that admissible trial testimony concerning reasonable and necessary attorney fees was provided by counsel (5 RR 8), and the issue of attorney fees was submitted to the jury on behalf of Taylor (CR 314). As a result of this evidence and jury charge submission, the requirements of Rule 279 were met and there was no waiver by Taylor of her right to recover attorney's fees. The fact that the jury did not answer the submitted jury question is not germane to the issue because §21.125(b) gives the trial court the discretion to determine and award reasonable fees in the event of a jury finding that age was a motivating factor in the decision to terminate Taylor, and the same decision would have been made absent the impermissible motivating factor.

In the *Ables* case, the dispute regarding attorney fees involved two (2) fact issues which were not present with Taylor. First, the plaintiffs failed to submit a

jury question and thus waived their right to recover. As pointed out, that was not the case with Taylor; a jury question on attorney fees was submitted (CR 314). Second, the plaintiffs in *Ables* failed to establish any legal right or vehicle to recover attorney fees. Thus the trial court in *Ables* lacked the authority, and hence the discretion to award attorney fees. Such is not the case with respect to Taylor. As this Court pointed out in its memorandum opinion, §21.125(b) of the Texas Labor Code affords the plaintiff the right to recover attorney's fees. Unlike in *Ables,* the Taylor attorney fee dispute involves a question of the amount of fees between the trial testimony of counsel for Taylor and the post-trial affidavit submitted; not that the trial court lacked the authority or discretion to award attorney's fees under §21.125(b). However, it is important to point out that counsel for Taylor testified at trial that the normal hourly rate for work on the case was $300.00 per hour. This is the same hourly rate used by the Court to determine the fee award to Taylor. (5 RR 5, 8); (CR 310, 311).

All parties and this Court seem to be in agreement that attorney's fees may be awarded under §21.125(b), and that it is a discretionary measure for the trial court. (Appellant Brief, page 24, FN 8). Therefore, with the burden of Rule 279 met because a question on attorney fees was submitted to the jury, the proper analysis for this Court is to accord the trial court's award of fees to the provisions of §21.125(b) of the Texas Labor Code, which as this Court points out, grants the

trial court the discretion to award reasonable fees and costs in accordance with the evidence.  As Section 21.125(b) of the Texas Labor Code states:

> (b) In a complaint in which the complainant proves a violation under Subsection (a) and a respondent demonstrates that the respondent would have taken the same action in the absence of the impermissible motivating factor, the **court** may grant declaratory relief, injunctive relief except as provided by his subsection, and attorney's fees and costs demonstrated to be directly attributable only to the pursuit of a complaint under Subsection (a), but may not award damages or issue an order requiring an admission, reinstatement, hiring, promotion , or back pay.

## CONCLUSION AND PRAYER FOR RELIEF

As previously discussed, the jury found that age was a motivating factor in the decision to terminate Betty Taylor (fulfilling the requirement of 21.125(a)), and that the same action would have been taken in the absence of the impermissible motivating factor.  (CR 310, 311).  The award of attorney's fees generally rests within the sound discretion of the trial court.  *Ragsdale v. Progressive Voters League*, 801 S.W.2d at 881; *EL Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 761 (Tex. 2012).  Taylor argues that, based upon the above, the proper result of this appeal with respect to Taylor's attorney fee award is to affirm the award of attorney fees by the trial court, or to remand this case back to the trial court for a redetermination of reasonable and necessary attorney fees should the Court feel that the lodestar method burden was not met in the trial court testimony. *EL Apple I, Ltd. v. Olivas*, 370 S.W.3d at 765; *City of Laredo v. Montano*, 414 S.W.3d 731, 736-37 (Tex.

2013); *Long v. Griffin* (Tex. 2014) (per curiam). Again, it is important to note that the trial court in this case had received testimony during the trial of reasonable and necessary fees by counsel for Taylor in the amount awarded, and was vested with the discretion to award fees based upon the evidence presented.

WHEREFORE, Appellee Betty Taylor prays that this Court reconsider its previous Memorandum Opinion with respect to the award of attorney fees, and affirm the award of attorney's fees and costs awarded by the trial court, or alternatively, remand the question of attorney's fees back to the trial court for a redetermination of reasonable and necessary attorney's fees and for such other and further relief, at law or in equity, to which Taylor may show herself to be justly entitled.

Respectfully submitted,

LAW OFFICES OF PAUL G. VICK
First National Bank Building
6243 IH-10 West, Suite 860
San Antonio, Texas 78201
Tel: (210) 735-1794
Fax: (210) 733-7510


THE LAW OFFICES OF JAMES C. McDONOUGH
First National Bank Building
6243 IH-10 West, Suite 860
San Antonio, Texas 78201
210-736-2843
210-733-7511 (FAX)

**ATTORNEYS FOR APPELLEE,**
**BETTY TAYLOR**


By:    */S/ Paul G. Vick*
       Paul G. Vick
       STATE BAR NO. 20563950
       James C. McDonough
       STATE BAR NO. 13569015


## CERTIFICATE OF SERVICE

I hereby certify that, on the 30th day of June, 2015, a true and correct copy of the foregoing was served on all counsel of record listed below in accordance with Rule 9.5(c) of the Texas Rules of Appellate Procedure via e-mail:

Aldean E. Kainz
akainz@jw.com
Breck Harrison
bharrison@jw.com
Jorge A. Padilla
jpadilla@jw.com
100 Congress, Suite 1100
Austin, TX 78701
(512) 236-2000
(512) 236-2002 ó Facsimile


*/s/ Paul G. Vick*
Paul G. Vick