**Opinion issued August 23, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00661-CV

———————————

**PATRICK O'CONNOR & ASSOCIATES, L.P., Appellant**

**V.**

**CHESTER R. HALL, Appellee**

---

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 1036533**

---

## MEMORANDUM OPINION

Patrick O'Connor & Associates, L.P. appeals a default summary judgment on

a bill of review in favor of Chester R. Hall. On appeal, O'Connor contends that the

trial court erred in granting summary judgment because a fact issue exists as to

whether a typographical error on the citation in the underlying suit establishes improper service. We affirm.

## BACKGROUND

Patrick O'Connor & Associates, L.P., provides commercial property tax reduction advocacy services. Between 2007 and 2010, O'Connor billed Chester R. Hall for its services. In December 2010, O'Connor sued Hall in justice court, requesting $549.04 in unpaid fees, $52.42 in unpaid interest, and $1,500.00 in attorney's fees. Hall was served with a citation that named "Patrick OConnor Associates" as the Plaintiff, instead of "Patrick O'Connor & Associates, L.P."

In June 2012, the justice court entered a default judgment against Hall. The court awarded O'Connor $549.04 in fees, $104.37 in interest, $750.00 in attorney's fees, and $109.00 for cost of court and service of process fees. In February 2013, Hall filed a bill of review in the justice court. The court denied Hall's bill of review. Hall appealed that decision to the county court at law.

On appeal to the county court, Hall argued that the default judgment entered against him was the result of fraud because he had never hired O'Connor to provide him any services. Second, he argued that O'Connor was prohibited from filing a lawsuit against him because an agreed permanent injunction between O'Connor and the State of Texas prohibited him from "initiating debt collection efforts of any kind . . . including lawsuits" after November 1, 2010. Finally, Hall filed a

2

supplemental petition arguing that he was entitled to a bill of review as a matter of law because he was not properly served in the underlying suit.

Hall moved for summary judgment on his bill of review. O'Connor filed an untimely response the day before the hearing, arguing that the typographical error in his citation in the justice court in the first suit did not constitute defective service. The trial court granted summary judgment to Hall.

## DISCUSSION

### I. Standard of Review

When a trial court grants summary judgment on a bill of review, we apply the regular standard of review. *See Boaz v. Boaz*, 221 S.W.3d 126, 130–31 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Brown v. Vann*, No. 05-06-01424-CV, 2008 WL 484125, at *2 (Tex. App.—Dallas Feb. 25, 2008, no pet.) (mem. op.). We review a summary judgment de novo. *Boerjan v. Rodriguez*, 436 S.W.3d 307, 310 (Tex. 2014). To prevail, the movant has the burden of proving that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). When deciding whether a disputed, material fact issue precludes summary judgment, we take as true evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in its favor. *See Boerjan*, 536 S.W.3d at 311–12 (quoting *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009)).

## II.    Applicable Law

A bill of review is an equitable proceeding brought to set aside an earlier final judgment. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (citing *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979)). A bill-of-review plaintiff must plead and prove (1) a meritorious defense to the underlying cause of action; (2) that fraud, accident, or wrongful act of the opposing party, or an official mistake, prevented the presentation of this defense, and (3) this error was unmixed with any fault or negligence on the plaintiff's part. *Baker*, 582 S.W.2d at 406–07. In cases in which a bill of review plaintiff establishes a lack of proper service, constitutional due process eliminates the need to show the first two elements. *Caldwell,* 154 S.W.3d at 96. A bill-of-review plaintiff alleging defective service must still show that the defective judgment resulted from conduct that was "unmixed with any fault or negligence of his own." *Id.* at 97.

A default judgment is void unless the record shows strict compliance with the rules governing issuance, service, and return of citation. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). There are no presumptions in favor of valid issuance, service, or return of citation. *Id.* "[F]ailure to affirmatively show strict compliance with the Rules of Civil Procedure renders the attempted service of process invalid and of no effect." *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 886 (Tex. 1985).

4

Texas Rule of Civil Procedure 99 provides that a citation shall "show the names of the parties . . ." TEX. R. CIV. P. 99(b)(7). An incorrect name of a party to the suit demonstrates that a citation is not in strict compliance. *Martin Linen Supply*, 690 S.W.2d at 885 (holding that citation was invalid because it named "Henry Bunting," and not Henry Bunting Jr., as defendant); *Medeles v. Nunez*, 923 S.W.2d 659 (Tex. App.—Houston [1st Dist.] 1996, writ denied) (holding that citation was invalid because it named "Felix Numez," not Felix Nunez, as plaintiff and "Maria Mendeles," not Maria Medeles, as defendant), *overruled on other grounds by Barker CATV Constr. v. Ampro, Inc.,* 989 S.W.2d 789 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

On the other hand, if the name's misspelling is consistent in both the court documents and the citation, then the incorrectly spelled name is not fatal to a citation, provided that the correct parties are so evident from the pleadings and process that the defendant could not have been misled. *Orange Grove Indep. Sch. Dist. v. Rivera*, 679 S.W.2d 482, 483 (Tex. 1984); *see Enserch Corp. v. Parker*, 794 S.W.2d 2, 4–5 (Tex. 1990); *Hayley v. Young*, 541 S.W.2d 217, 219 (Tex. Civ. App.—Houston [1st Dist.] 1976, no writ); *Huynh v. Vo*, 2003 WL 1848607, at *2 (Tex. App. —Houston [1st Dist.] Apr. 10, 2003, no pet.) (mem. op.). Texas courts thus distinguish between cases of misidentification, as in *Medeles* and *Uvalde*, and misnomer, as in *Enserch*, *Hayley*, and *Huynh*.

## III.  Analysis

In this case, Hall attached the original petition and citation in the justice court as summary judgment evidence, together with the justice court's notice of trial setting that did not list him as being notified of the trial date.  The court documents name the plaintiff as "Patrick O'Connor & Associates, LP."  The citation that lead to the default judgment, however, names the plaintiff as "Patrick OConnor Associates."  Although the variance is minor, the citation removes the limited partnership identifier and requires the conclusion that the citation misidentifies the limited partnership entity that is the named plaintiff, rendering the citation invalid as a matter of law.  *See Medeles*, 923 S.W.2d at 662–63 (explaining that "strict compliance" required under rules of civil procedure governing service of citation means literal compliance; holding that citation with small spelling variances from pleadings rendered citation void and service ineffective).  The citation failed to identify "Patrick O'Connor & Associates, L.P.," signifying that the named plaintiff was a limited partnership, as required by Rule 99.

Because the variance in the named plaintiff renders the citation void as a matter of law, we need not reach the question of whether Hall could not identify O'Connor based on the citation.  *See Amato v. Hernandez*, 981 S.W.2d 947, 950 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) (citing *Wilson v. Dunn,* 800 S.W.2d 833, 836 (Tex. 1990)).  In the no-answer default judgment context, it is

sufficient that the citation was not issued as required by Rule 99. *Wilson*, 800 S.W.2d at 836. Hall adduced evidence that he was not otherwise notified of the trial setting.

O'Connor's response was not timely filed; thus, the trial court did not consider it in granting summary judgment. On appeal, O'Connor contends that the typographical errors should not dictate the conclusion that service was invalid, an argument that we have rejected. He does not challenge Hall's argument that he has otherwise met the requirements for obtaining a bill of review. Because we have rejected O'Connor's argument as to the validity of the citation, the trial court did not err in granting a bill of review to Hall.

## CONCLUSION

We hold that the error in the citation rendered O'Connor's service on Hall fatally defective in the context of a no-answer default judgment because it failed to identify the limited partnership entity that was the named plaintiff. The other elements for establishing a bill of review went unchallenged in the trial court. Accordingly, the trial court did not err in granting summary judgment on Hall's bill of review. We therefore affirm.

Jane Bland
Justice

Panel consists of Justices Bland, Brown, and Lloyd.

7