# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00635-CV

**Allstate Fire and Casualty Insurance Company, Appellant**

**v.**

**Crystal Harper, Appellee**

### FROM THE 201ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-18-000290, THE HONORABLE MADELEINE CONNOR, JUDGE PRESIDING

## O P I N I O N

Allstate Fire and Casualty Insurance Company appeals the portion of the district court's final judgment awarding Crystal Harper $60,425 of attorney's fees requested in her postverdict motion. In the underlying suit, Harper sought declarations of coverage benefits under her uninsured/underinsured motorist (UM/UIM) automobile policy (the Policy) with Allstate. During trial, no question on attorney's fees was submitted to the jury. Allstate contends, among other appellate issues, that Harper's failure to submit a question to the jury on the reasonableness and necessity of the attorney's fees waived her recovery of them.

We will reverse and vacate the part of the district court's final judgment awarding attorney's fees and render judgment that Harper take nothing as to her attorney's fees claim.

## BACKGROUND

Crystal Harper and Omar Nasim were involved in an accident in Travis County when the vehicle Nasim operated collided with the vehicle Harper operated. Harper alleged bodily injury from the accident. She settled her claims against Nasim for $30,000.

Harper then filed a declaratory-judgment action against Allstate. *See* Tex. Civ. Prac. & Rem. Code §§ 37.001-.011 (Uniform Declaratory Judgments Act) (UDJA). Her petition sought a declaration of the amount of UM/UIM coverage benefits that she was entitled to recover under the Policy after applicable setoffs and credits, and a declaration of her right to collect those benefits under the Policy.[1] Harper's petition included a sentence stating, "Section 37.009 of the Texas Civil Practice and Remedies Code provides that the 'court may award costs and reasonable and necessary attorney's fees as are equitable and just.'" Allstate answered, requested a jury trial, and paid the jury fee.

The case proceeded to a one-day jury trial.[2] Harper presented no evidence of attorney's fees and submitted no attorney's fees question in the court's charge to the jury. The jury returned a verdict awarding only compensatory damages of $55,672.33. Shortly after trial, Allstate issued a $25,672.33 check to Harper, reflecting the $30,000 settlement credit/offset.

Allstate filed a motion to enter judgment for $25,672.33 plus prejudgment and postjudgment interest and court costs. Harper filed a competing motion for judgment awarding her $55,672.33, plus prejudgment interest, court costs, and attorney's fees of $60,425 not requested from the jury. The next day, she filed a motion asking the district court for those fees.

---

[1] Harper also sought a declaration that her factual allegations were true and correct.

[2] Harper and her health-care provider, who appeared by video deposition, were the only witnesses during trial. The next day counsel presented closing arguments, and the jury returned its verdict.

Allstate filed a response objecting to Harper's postverdict motion for attorney's fees and contending that such award would be inequitable and unjust. Specifically, Allstate objected that Harper failed to make a pretrial disclosure of any attorney's fees or identify any witness as to the amount, reasonableness, and necessity of her claimed damages; Harper tried the case to a jury without submitting or mentioning attorney's fees; and Harper failed to produce competent evidence supporting her claim for attorney's fees. Allstate further objected that the exhibits attached to Harper's motion were unauthenticated, the affidavit from Harper's trial counsel was conclusory and made irrelevant references to legal-services fees in "Hill County," and certain "business records" purportedly sponsored by Harper's trial counsel predated his Texas license to practice law. Days later, Harper filed an amended motion for attorney's fees.

Seven months after the jury verdict, the district court heard Harper's amended, postverdict motion for attorney's fees. No evidence was admitted, and no sworn testimony was presented at the hearing. The district court took the attorney's fees motion under advisement, and subsequently signed an order granting the motion, followed by a final judgment awarding Harper's requested $60,425 of fees.[3]

Allstate appeals the attorney's fee award on multiple bases. Allstate first contends that the district court's judgment did not conform with Harper's pleadings as required by Texas Rule of Civil Procedure 301 because her petition did not affirmatively plead for recovery of those fees. Second, Allstate contends that Harper's recovery of those fees was waived under Texas Rule of Civil Procedure 279 after she failed to request a jury question on them. Allstate further contends that the evidence is legally insufficient to support the attorney's

---

[3] Another Travis County district-court judge's ruling on Harper's amended motion for attorney's fees was vacated after a mix-up about the central docket.

fees award, and that the district court erred by refusing Allstate's request for a jury trial on the fact question of the reasonableness and necessity of attorney's fees under Chapter 37 of the Texas Civil Practice and Remedies Code; admitting, over Allstate's objection, exhibits attached to Harper's amended motion for attorney's fees despite her failure to designate or disclose an expert witness on the reasonableness, necessity, and amount of those fees; and concluding that an award of attorney's fees was "just and equitable" despite Harper's failure to affirmatively plead for fees and her failure to designate or disclose any expert on fees until after trial.

We address only Allstate's second issue concerning waiver under Rule 279, which is dispositive of this appeal. *See* Tex. R. App. P. 47.1.[4]

## **DISCUSSION**

Allstate contends that the district court erred by awarding attorney's fees because Harper's recovery of those fees was waived under Rule 279 after she failed to request a jury question on them. We review a trial court's decision to award attorney's fees in a declaratory-judgment action under an abuse-of-discretion standard. *Ridge Oil Co. v. Guinn Invs., Inc.*, 148 S.W.3d 143, 163 (Tex. 2004) (citing *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998)). "A trial judge abuses his or her discretion by deciding a matter without a factual basis necessary for a rational decision or by purporting to decide a matter that the law does not commit to the judge's discretion." *University of Tex. v. Ables*, 914 S.W.2d 712, 717 (Tex. App.—Austin 1996, no writ).

---

[4] In reaching Allstate's second issue, we assume without deciding that Harper's petition provided fair notice of a request for reasonable and necessary attorney's fees under the Uniform Declaratory Judgments Act (UDJA). *See* Tex. Civ. Prac. & Rem. Code § 37.009 ("In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just.").

Rule 279 provides, in relevant part, "Upon appeal all independent grounds of recovery . . . not conclusively established under the evidence and no element of which is submitted or requested are waived." Tex. R. Civ. P. 279. "[I]t is the responsibility of the party with the burden of proof on a ground of recovery to request that the issue be submitted to the jury." *Unique Staff Leasing, Ltd. v. Cates*, 500 S.W.3d 587, 599 (Tex. App.—Eastland 2016, pet. denied). Although Harper had the burden of proof, she submitted no question to the jury on attorney's fees. *Cf. Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 484 (Tex. 2019) (noting that "the party seeking a fee award must prove the reasonableness and necessity of the requested attorney's fees"). Harper does not contend that there was conclusive evidence of the fees at trial. Thus, under the express provisions of Rule 279, Harper waived any right to recover those fees. *See* Tex. R. Civ. P. 279; *Ables*, 914 S.W.2d at 717 (concluding under Rule 279 that plaintiffs' failure to submit jury question on attorney's fees under UDJA "waived any right to recover the fees").

In response to Allstate's Rule 279 argument, Harper does not dispute that she failed to present the jury with evidence of attorney's fees and failed to request that the district court submit a question on attorney's fees to the jury. Instead, she asserts that "Rule 279 does not apply to this case" because: (1) Allstate waived its objections; (2) the attorney's fees issue did not have to be submitted to the jury; (3) the attorney's fees issue was determined postverdict at a "bench trial"; and (4) under Texas Rules of Civil Procedure 296 and 299, Allstate's lack of request for fact findings after the "bench trial" allows an assumption that Harper introduced proof that would have supported the district court's judgment. We disagree.

### 1. No waiver of Rule 279 objection

Harper asserts that Rule 279 does not apply because Allstate waived its objections by "not object[ing] at the beginning of the hearing that it should not proceed" and not obtaining a ruling on the objections. To preserve an issue for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion with sufficient specificity to make the trial court aware of the complaint, and show an express or implicit ruling, or a refusal to rule and objection to that refusal. Tex. R. App. P. 33.1(a)(1)-(2). Here, the record shows that the district court was made aware of Allstate's complaint and implicitly overruled it.

First, in its filed response and objections to Harper's postverdict motion seeking judgment for attorney's fees, Allstate objected that "Plaintiff has waived her claim for attorney's fees by failing to submit the matter to the jury for verdict. *See* Tex. R. Civ. P. 279." A defendant's objection in response to such a motion before entry of judgment preserves error. *See, e.g.*, *Wal-Mart Stores, Inc. v. McKenzie*, 997 S.W.2d 278, 278-80 (Tex. 1999) (concluding that defendant preserved error by raising objections in response to damages plaintiff sought in motion for judgment); *Martinez v. Martinez*, No. 04-06-00671-CV, 2007 WL 2187105, at *1 n.1 (Tex. App.—San Antonio Aug. 1, 2007, no pet.) (mem. op.) (concluding that defendant's response to plaintiff's motion for judgment preserved error by raising complaint about award of attorney's fees). Allstate's response reminded the district court that Allstate had requested a jury and opposed a bench trial on fees.[5]

Further, during the hearing on Harper's motion for attorney's fees, Allstate's first words to the district court reiterated its Rule 279 objection:

---

[5] Allstate's response stated, "Defendant properly requested a jury trial on all of Plaintiff's claims," and "Defendant objects to the proposed submission of the reasonableness and necessity of the Plaintiff's alleged attorney's fees, a fact issue, to the bench."

6

> Judge, at the outset, defendant Allstate stands and reasserts all of the objections contained within [] Allstate's objections and response to plaintiff's motion for attorney fees which was previously filed with this court.
>
> . . . .
>
> There are multiple objections that we have to this . . . to any award of attorney's fees, to the Court considering any evidence of attorney's fees at this point, and the entry of a final judgment which may contain attorney's fees. The reason being . . . we proceeded on a jury trial in this case in January of 2023. When we have a jury trial pursuant to a constitutional right to jury trial and demand, all issues of fact need to be submitted to the jury. And the Texas Supreme Court has consistently held that the issue, the reasonableness and necessity of attorney's fees is, in fact, a fact issue and a question for the factfinder. The factfinder in a jury trial is the jury.
>
> . . . .
>
> Now, when you have a jury trial and we have issues that need to be decided before and by the jury, if those issues and that evidence is not submitted or requested within the jury charge, which in this case it was not, then that is considered waived pursuant to Rule 279 of the Texas Rules of Civil Procedure.

Allstate's Rule 279 objections, filed before the hearing and presented again at the hearing, were before the district court when it entered the final judgment awarding Harper her requested attorney's fees.

Second, the court implicitly overruled those objections by entering a final judgment awarding attorney's fees. *See Moody v. National W. Life Ins.*, 634 S.W.3d 256, 281 (Tex. App.—Houston [1st Dist.] 2021, no pet.) (concluding that trial court's judgment implicitly overruled party's objections that "the reasonableness of attorney's fees cannot be decided without a trial," and that "the reasonableness of attorney's fees is a fact question for the jury's determination"); *see also In re Marriage of Stein*, 190 S.W.3d 73, 76 (Tex. App.—Amarillo 2005, no pet.) (concluding that error was preserved as to denial of party's request for jury trial

because his response on file at time of hearing included that jury-trial request, which trial court implicitly denied by announcing its findings at end of hearing and rendering order).

Here, by entering a final judgment awarding attorney's fees to Harper, the district court implicitly overruled the objections that Allstate presented, in writing and at the hearing, contending that the attorney's fees issue and evidence had to be submitted to the jury during trial but were not, and thus, that Harper waived recovery of those fees under Rule 279. On this record, we conclude that Allstate's Rule 279 objections were preserved for appellate review.

### 2. Reasonableness and necessity of fees was fact question for jury

Harper also asserts that Rule 279 does not apply to this case because "there is no requirement that the [attorney's fees] issue must be submitted to the jury," and this issue "can be determined postverdict." Those assertions are incorrect. Rule 279 applies here because, under well-established law, the reasonableness and necessity of the attorney's fees are fact questions on which Allstate had the right to a jury trial.

After Allstate requested a jury trial and paid the fee, Harper's declaratory-judgment action was tried to a jury. *See* Tex. R. Civ. P. 216. "[D]etermination of reasonable and necessary attorney's fees is a question for the jury when they are the trier of fact." *Ables*, 914 S.W.2d at 717 (citing *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 12 (Tex. 1991); *Great Am. Res. Ins. v. Britton*, 406 S.W.2d 901, 907 (Tex. 1966)). Weeks after the one-day trial, Harper moved for $60,425 in attorney's fees under the UDJA. When a statute authorizes recovery of attorney's fees, the reasonableness of those fees "is a question of fact for the jury's determination." *Bocquet*, 972 S.W.2d at 21; *see Britton*, 406 S.W.2d at 907 (reversing judgment that awarded attorney's fees without any proof as to their reasonableness, noting that

8

"reasonableness of attorney's fees in an insurance case is a question of fact," and disapproving of intermediate appellate court opinions holding that trial judge could adjudicate reasonableness of attorney's fees on judicial knowledge and without benefit of evidence).

The Texas Supreme Court recognized that by reserving the question of reasonableness for a jury's determination, the UDJA imposes a limitation on the measure of discretion afforded to the trial court when deciding whether to award attorney's fees. *Bocquet*, 972 S.W.2d at 20-21 (internal citations omitted). Another limitation, that attorney's fees must be necessary, is likewise a fact question. *Id*. at 21 (citing *General Motors Corp. v. Bloyed*, 916 S.W.2d 949, 961 (Tex. 1996)). Consequently, under Rule 279, "a party waives its right to recover attorney's fees when it fails to put on evidence of attorney's fees and fails to request the trial court to submit a question on attorney's fees to the jury." *Cates*, 500 S.W.3d at 600; *see Ables*, 914 S.W.2d at 717 (holding that trial court lacked discretion to award attorney's fees to plaintiffs who had failed to submit attorney's fees question to jury, thereby waiving their recovery of those fees under Rule 279); *Howell v. Homecraft Land Dev., Inc*., 749 S.W.2d 103, 113 (Tex. App.—Dallas 1987, writ denied) (concluding that party's failure to request jury determination on amount of attorneys' fees as to its declaratory-judgment counterclaim waived claim for those fees). Harper's cited cases purportedly holding otherwise are distinguishable because in those cases, the trial court declined to award attorney's fees to a non-prevailing party, or the parties stipulated that they would forgo the jury's determination of attorney's fees, or there is no indication of a request for a jury trial on the reasonableness and necessity of fees.[6]

---

[6] *See River Plantation Cmty. Improvement Ass'n v. River Plantation Props. LLC*, 661 S.W.3d 812, 826 (Tex. App.—Beaumont 2022) (concluding that "the trial court did not abuse its discretion by finding the Association, the non-prevailing party on its UDJA claim, was entitled to nothing in fees" and noting "we have found no legal authority to support the

9

### 3. Authorities as to bench trials are inapplicable

Further, Harper's assertion that Rule 279 does not apply to this case because "the fee determination was tried as a bench trial" is disproved by the record. The attorney's fees in the final judgment were awarded after a hearing, during which no evidence was admitted and no sworn testimony was presented. Since there was no "bench trial" on attorney's fees, Rules 296 and 299 concerning bench trials—which Harper cites to argue that Allstate's lack of request for fact findings after the "bench trial" allows for omitted-finding presumptions in favor of the judgment—are inapplicable here. *See* Tex. R. Civ. P. 296 (addressing findings of fact in "any case tried in the district or county court without a jury"), 299 (addressing deemed findings after bench trial); *In re S.M.R.*, 434 S.W.3d 576, 580-81 (Tex. 2014) (noting that Rule 299 "pertain[s] to omitted findings in bench trial"); *12636 Rsch. Ltd. v. Indian Bros., Inc.*, No. 03-19-00078-CV, 2021 WL 417027, at *6 (Tex. App.—Austin Feb. 5, 2021, no pet.) (mem. op.) (noting that Rule 299 is part of standard for appellate review of findings of fact "after a bench trial").

---

Association's claim that it is an abuse of discretion for a trial court to decide it is not 'equitable and just' to award a non-prevailing party fees under the UDJA before empaneling a jury to consider and decide what would be a reasonable and necessary fee for the services of the attorney for a party that did not prevail"), *aff'd on other grounds*, 2024 WL 2983168, at *5 (Tex. June 14, 2024); *Allstate Fire & Cas. Ins. Co. v. Rodriguez*, No. 13-18-00616-CV, 2021 WL 3777165, at *4 n.4 (Tex. App.—Corpus Christi–Edinburg Aug. 26, 2021, no pet.) (mem. op.) (containing no reference to jury demand and noting that there was no challenge to reasonableness or necessity of attorney's fees award); *Hartzell v. S.O.*, 613 S.W.3d 244, 248 (Tex. App.—Austin 2020), *rev'd in part*, 672 S.W.3d 304 (Tex. 2023) (containing no reference to jury demand); *Good v. Baker*, 339 S.W.3d 260, 266, 267 n.11 (Tex. App.—Texarkana 2011, pet. denied) (noting, in suit under Texas Open Meetings Act, that parties "agreed and stipulated that we're not going to submit the issue of attorneys fees to the jury"); *Swate v. Medina Cmty. Hosp.*, 966 S.W.2d 693 (Tex. App.—San Antonio 1998, pet. denied) (containing no reference to jury demand).

Finally, misapplying two sentences from *Haley v. Young*, Harper contends that Allstate's "failure to request those [Rule 296 bench-trial] findings means that the 'appellate court may assume that proof was introduced in the trial court which would have supported its judgment.'" 541 S.W.2d 217, 219 (Tex. App.—Houston [1st Dist.] 1976, no writ). *Haley* is inapposite here. As we have stated, this was not a bench trial. Moreover, in *Haley*—an appeal from an order quashing a writ of garnishment—the First Court of Appeals noted that the "appeal was taken without a statement of facts or findings of fact."[7] *Id.* They further noted that if an appeal is taken without a reporter's record, assumptions can be made in favor of the judgment: "In such a case an appellate court may assume that proof was introduced in the trial court which would have supported its judgment." *Id*. No such assumptions may be made here because this appeal includes a reporter's record of both the jury trial and the postverdict hearing on the motion for attorney's fees.

None of Harper's assertions refute the propriety of applying Rule 279. Because the reasonableness and necessity of Harper's attorney's fees were fact questions, she had the burden to request those findings from the jury. *See Bocquet*, 972 S.W.2d at 21. By failing to do so when the case was tried, Harper waived her recovery of those fees under Rule 279. The district court's final judgment awarding "reasonable and necessary attorney['s] fees" despite Harper's waiver was an abuse of its discretion. *See Cates*, 500 S.W.3d at 600; *Ables*, 914 S.W.2d at 717. Accordingly, we sustain Allstate's second issue.

---

[7] The "statement of facts" is now called the reporter's record. *See* Tex. R. App. P. 34 cmt. to 1997 change ("*Clerk's record* is substituted for *transcript*, and *reporter's record* is substituted for *statement of facts* throughout the rules.").

## CONCLUSION

We reverse and vacate the part of the district court's final judgment awarding attorney's fees of $60,425 to Harper and render judgment that Harper take nothing as to her attorney's fees claim. *See* Tex. R. App. P. 43.2(c).

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Reversed in Part and Rendered

Filed: October 25, 2024

12